Alan E. BROWN, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 580S142.

Supreme Court of Indiana.

March 12, 1981.

Edward A. Pease, Thomas, Thomas & Pease, Brazil, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Alan E. Brown, was convicted of rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.), and criminal confinement, a class B felony, Ind.Code § 35–42–3–3 (Burns 1979 Repl.). He was sentenced to fifty years and twenty years, the sentences to run concurrently. His direct appeal raises the following issues:

1. Whether the trial court erred in denying his motion to dismiss based upon a denial of his right to a speedy trial;

2. Whether the trial court erred in admitting certain evidence without a proper foundation;

3. Whether the trial court erred in admitting certain testimony of the prosecuting witness;

4. Whether the trial court erred in denying defendant's motion to strike certain testimony and his motion for mistrial when defendant found out he had allegedly not been given a certain medical report;

5. Whether the trial court erred in admitting a certain map into evidence which was not drawn to scale;

6. Whether the trial court erred in questioning a certain witness about his conclusion regarding the location of the crime;

7. Whether the trial court erred in denying defendant's motion for mistrial after some jurors allegedly overheard a conversation between a witness and another person;

8. Whether the trial court erred in denying admission of the deposition of a defense witness; and

9. Whether the trial court erred in giving certain instructions and refusing other instructions.

A summary of the facts most favorable to the state shows that on May 8, 1979, the victim was waiting at a bus stop in Terre Haute, Indiana. Defendant arrived at the bus stop about fifteen minutes later and sat down next to the victim. The victim started to rise when she saw her bus approach but was ordered to sit down again by defendant who showed her a knife in his hand. Defendant told her to remain seated for a few minutes and then forced her at knife point to get into an automobile. The victim tried to escape from the car but found that the passenger door was locked from the outside and there was no lock button on the inside.

Defendant drove the victim on a succession of gravel roads through Vigo County and into Clay County. There he forced her to get out of the car and undress. He raped her twice but stopped his sexual assault when he thought he heard someone approach. He then forced the victim to get back into the car and drove her back to Terre Haute. The victim identified defendant from pictures prior to trial and also identified his automobile and key chain.

### I.

Defendant first contends that he was denied the right to a speedy trial and that therefore the charges against him should have been dismissed. He bases his argument on Ind.R.Crim.P. 4(B)(1) which provides:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar."

Defendant first appeared in court on May 10, 1979, and entered a *pro se* plea of not guilty. Pauper counsel was appointed and apparently defendant made a request at that time that a trial date be set. He was given a date of June 14, 1979. A few days later defendant filed three motions concerning a reduction of bond, production of evidence and a change of judge. He later filed a motion for change of venue from the county and then, on June 1, 1979, a motion for psychiatric examination at court expense. When this latter motion was granted, the court vacated the original trial date because of the time required for the psychiatric tests. The trial date was later set for September 17, 1979; then it was twice reset, and the trial was finally held on October 16, 1979.

It is not clear from the record before us whether or not defendant's request that a trial date be set actually qualifies as a motion for a speedy trial. In any event, defendant's argument must fail on other grounds. There are numerous cases construing Ind.R.Crim.P. 4 which make clear that there is a duty upon the state to bring a defendant to trial within the framework of the protections that rule provides. However, it is also well settled that the time limitations of the rule shall be extended by the period of any delay caused by defendant's acts. *Battle v. State*, (1981) Ind., 415 N.E.2d 39; *Bradberry v. State*, (1977) 266 Ind. 530, 364 N.E.2d 1183; *Gross v. State*, (1972) 258 Ind. 46, 278 N.E.2d 583. Determination of what amount of delay is attributable to defendant's actions must be decided on a case by case basis. *Fortson v. State*, (1978) 269 Ind. 161, 379 N.E.2d 147.

In the instant case, defendant moved for a psychiatric examination on June 1, 1979, and it appears from the record that all the examination reports were not available until September 28, 1979. This period of delay was properly chargeable to defendant and there was no error here. *Fortson v. State, supra.*

## II.

Defendant next contends that the trial court erred in admitting into evidence a key chain which was identified by the victim as the key chain she observed in defendant's possession during her confinement and rape. He argues that there was not a proper foundation or a complete chain of custody established prior to its admission. We do not agree.

The victim had given a description to the police of a rather unusual key chain which had been in her assailant's possession. The police took a key chain matching this description from defendant when they arrested him the day after the crime and locked it in the police property room until the trial. The victim positively identified the key chain when it was introduced into evidence at the trial as being the key chain which her assailant used. It is well settled that it is a sufficient foundation for the introduction of non-fungible items into evidence that a witness identify the items and they have relevance to the issues of the case. *Walker v. State*, (1980) Ind., 409 N.E.2d 626; *Woodard v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160. The admissibility of the key chain did not hinge upon a showing of an exhaustive chain of custody. It was positively identified by the victim and was relevant to the issue of the identity of the victim's assailant. There was no error in its admission.

## III.

Defendant next alleges that the trial court erred in admitting certain prejudicial testimony of the victim regarding sexual fantasies which defendant described to her as he was driving her back to Terre Haute. The record shows only a general objection to the admission of this testimony, so any alleged error on this issue has been waived. Grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal. *Strickland v. State*, (1977) 265 Ind. 664, 359 N.E.2d 244.

Furthermore, it is well established that happenings near in time and place which complete the story of the crime are admissible under the theory of *res gestae*. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843; *Tapp v. State*, (1980) Ind.App., 406 N.E.2d 296. The victim's testimony here supported her account that she was in fear for her life and was trying to gain defendant's trust so that he would release her. There was no error in the admission of this testimony.

## IV.

Defendant next contends that he should have been granted a mistrial when the testimony of Dr. Perez was allegedly contrary to the information contained in his report that had been furnished to defendant. Defendant alleges that this testimony showed that the state had failed to comply with the court's order for production of evidence and had placed him in grave peril. We agree with the state that defendant's motion for mistrial made at this time was properly overruled.

Dr. Perez testified that his examination results showed that sperm was found through a "vulva area pap smear." Defendant contends that Dr. Perez's report which he received prior to trial only stated that no sperm had been found in the vaginal pap smear and that he had planned to rely upon this report to reduce the victim's credibility. While it is possible that two different reports were involved, it is also possible that defendant misread the report he was given. Since defendant has not included a copy of the report he was given, we have no way of knowing what was actually in that report. It is well settled that it is the duty of a defendant to present a complete record to this Court. Bare assertions of error not disclosed by the record are not available for review by this Court. *Daniels v. State*, (1980) Ind., 408 N.E.2d 1244. Defendant has waived any error which may have occurred on this issue.

After defendant's motion for mistrial was overruled, defendant moved alternately to strike Dr. Perez's testimony. This motion was also denied. We find no error

here, since there has been no showing that this testimony was actually left out of the report furnished to defendant. Furthermore, there is no showing that the prosecution deliberately thwarted or obstructed any attempts at discovery of Dr. Perez's testimony, and, in the absence of that showing, the remedy of exclusion of testimony would not be appropriate. *Henson v. State*, (1976) 265 Ind. 233, 352 N.E.2d 746; *Gregory v. State*, (1972) 259 Ind. 295, 286 N.E.2d 666.

### V.

Defendant next contends that the trial court erred in admitting into evidence a map of Clay County, Indiana, since there was no indication on the map that it was drawn to scale. We find no error here since it is clear this map was admitted into evidence as an aid to the jury's understanding of the route driven by defendant during the criminal confinement. It had been prepared by one of the investigating officers and was used to illustrate his testimony and that of the victim. It was not used to establish the location of the rape since Trooper Polk stated he personally knew the location where the rape occurred was in Clay County and this testimony was never controverted. Unofficial maps and diagrams are admissible to represent objects and places which cannot otherwise be as clearly shown or described, and when such documents are offered in connection with the testimony of a witness, they are admissible as legitimate aids to the court or jury. *Sexton v. State*, (1974) 262 Ind. 554, 319 N.E.2d 829; *Freeman v. King*, (1967) 141 Ind.App. 655, 231 N.E.2d 161.

### VI.

When defendant objected to the admission into evidence of the map discussed above, the court then asked the testifying witness, Trooper Polk, whether he had visited the site and whether he had personal knowledge that it was within Clay County. The witness answered that he had visited the site and did know that it was within Clay County. Defendant now argues that the court's questioning of a nonexpert witness and eliciting from him a conclusion regarding an ultimate issue of fact was erroneous and prejudicial. However, defendant made no objection when Polk answered these questions at trial, and we must therefore deem the issue waived. In order for error to be preserved for review, a timely and adequate objection must be raised at trial. *Reynolds v. State*, (1980) Ind., 409 N.E.2d 639; *Gee v. State*, (1979) Ind., 389 N.E.2d 303.

### VII.

Defendant moved for a mistrial at one point during the proceedings after alleging that the jurors had overheard a conversation between Trooper Polk and another police officer about the actual location of the rape. This alleged error occurred during a recess following the testimony of Polk when the jury filed past the table at which the prosecutor and the witness were seated. Another police officer approached the table and started talking to Polk about the location of the crime as the jurors were walking by. After the jury had left the courtroom, defense counsel moved for a mistrial on the basis of improper communication with the jury. This motion was overruled.

When the jurors returned to the courtroom, the trial judge carefully admonished them that the only evidence they could consider was the evidence they heard from the witness stand and the exhibits which were properly admitted into evidence. They were admonished to disregard any statements they heard from any other source. In addition, the trial court included a similar admonishment in the final instructions. Such admonishments are presumed to cure error, unless the contrary is shown. *Randolph v. State*, (1978) 269 Ind. 31, 378 N.E.2d 828; *Carmon v. State*, (1976) 265 Ind. 1, 349 N.E.2d 167. No such showing was made in this case. The trial judge has great discretion in determining whether or not to grant a motion for a mistrial, and reversal will result only from clear error in his ruling. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228; *Carmon v. State, supra.*

## VIII.

Defendant next contends that the trial court erroneously denied the admission into evidence of the deposition of one, Alonzo Hoffman. It appears that defendant thought the victim would testify that she did not know Hoffman. The state objected to the admission of this deposition since its only purpose was to show that Hoffman was acquainted with the victim and had had sexual relations with her. The trial court ruled that the testimony in the deposition was not relevant to any issue of guilt or innocence in the instant case and therefore was collateral, immaterial and irrelevant. The court sustained the state's objection.

It is axiomatic that collateral matter cannot be made the basis for impeachment. *Bryant v. State*, (1973) 261 Ind. 172, 301 N.E.2d 179; *Miller v. State*, (1910) 174 Ind. 255, 91 N.E. 930. The test as to whether a matter is collateral is whether the party seeking to introduce it for purposes of contradiction would be entitled to prove it as a part of his case. *Bryant v. State, supra.* It is clear that there was no error here since the victim's alleged acquaintance with a particular third person, Hoffman, had no relevance to the questions at issue in defendant's case where the third party had no relationship to defendant or to the instant crime.

## IX.

Defendant finally alleges errors in the trial court's refusal to give certain of his tendered preliminary and final instructions. He first alleges as error the refusal of the trial court to give his proposed preliminary instruction number one which included the language of Indiana's rape shield statute, Ind.Code § 35–1–32.5–1 (Burns 1979 Repl.). He argues that the jurors were entitled to know that such a law exists. We do not agree. It is clear that the law in question concerns the issue of admissibility and this issue is to be resolved by the court, not the jury. *See Pointon v. State*, (1980) Ind., 408 N.E.2d 1255. There was no error in the refusal of this instruction.

Defendant agrees that any error concerning the refusal of other instructions is now waived since these instructions dealt with the penalties attendant to the crimes with which he was charged. This Court has clearly held that a defendant is not entitled to have the jury informed as to potential penalties where the jury does not engage in the sentencing function. *Craig v. State*, (1979) Ind., 398 N.E.2d 658.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.