Alan E. BROWN, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 283 S64.

Supreme Court of Indiana.

April 18, 1984.

Susan K. Carpenter, Public Defender, Frances Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Alan Brown, is before this Court appealing from the denial of his petition for relief under Post Conviction Relief, Rule 1. He was convicted of rape, a Class A felony, and criminal confinement, a Class B felony. Thereafter, petitioner was sentenced to fifty years and twenty years, the sentences to run concurrently. We then affirmed his conviction in *Brown v. State*, (1981) Ind., 417 N.E.2d 333. He raises the following two issues in this petition:

1. Whether petitioner's trial was rendered fundamentally unfair by the admission into evidence of certain testimony allegedly not contained in medical reports furnished to defendant; and

2. Whether petitioner was denied his constitutional right to the effective assistance of counsel.

We first note that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1, § 5; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *Henson v. State*, (1979) 271 Ind. 325, 392 N.E.2d 478.

## I.

This same issue was formerly presented and determined on direct appeal. *Brown v. State*, (1981) Ind., 417 N.E.2d 333. Issues raised and determined on direct appeal are not reviewable in a subsequent post-conviction proceeding. *Adams v. State*, (1982) Ind., 430 N.E.2d 771. *Frasier v. State*, (1977) 267 Ind. 24, 366 N.E.2d 1166.

## II.

Petitioner asserts that the trial court erred when it concluded he was not denied effective assistance of counsel. He alleges that his counsel's action and inaction, in the following particulars, rendered his representation inadequate: (1) failure to properly present a record on appeal with respect to medical doctor's testimony regarding certain medical reports; (2) failure to properly object to the admission of victim's testimony about sexual fantasies which the defendant described to her; (3) failure to lay a proper foundation to have Alonzo Hoffman's deposition admitted into evidence; and (4) that counsel misadvised the petitioner about the effect a request for psychiatric examination would have on his right to a speedy trial.

Petitioner concedes that his contention is governed by the standard whether his representation constituted a "mockery of justice", as modified by the requirement of "adequate legal representation." *Adams v. State*, (1982) Ind., 430 N.E.2d 771; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. The standard is implemented with the corollary presumption that counsel is competent; strong and convincing evidence must be presented in order to overcome the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) 271 Ind. 588, 394 N.E.2d 160.

At trial, petitioner's counsel moved for a mistrial when the testimony of a Dr. Perez was allegedly contrary to the information contained in his report that had been furnished to petitioner. Petitioner's counsel argued that this testimony showed that the state had failed to comply with the court's order for production of evidence and placed him in a position of grave peril. The trial court overruled the motion and we affirmed that decision in petitioner's direct appeal to this Court. *Brown v. State*, 417 N.E.2d at 337. In *Brown*, we held that petitioner had waived any error which may have occurred on this issue because he failed to include a copy of the report he was given and consequently we had no way of knowing what was actually in that report. Petitioner now claims that his counsel's failure to include the report in the record reveals inadequate appellate representation. We disagree. Isolated mistakes, carelessness, or inexperience amount to ineffective counsel only when, taken as a whole, the trial was a mockery of justice. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228. Furthermore, petitioner has failed to show that had the report been included in the record, we would have ruled differently. See, *Brown v. State*, 417 N.E.2d at 338.

Petitioner next claims that his trial counsel failed to properly object to the admission of the victim's testimony about petitioner's sexual fantasies and thereby waived that issue on appeal. Before coun-

sel's failure to enter an objection may be regarded as ineffective representation, petitioner must show that, had a proper objection been made, the trial court would have had no choice but to sustain it. *Beard v. State*, (1981) Ind., 428 N.E.2d 772. Even though petitioner's trial counsel's failure to raise a specific objection at trial waived the issue on appeal, we also noted in defendant's direct appeal that the testimony concerning the sexual fantasies was nonetheless admissible under a *res gestae* theory. *Brown v. State*, 417 N.E.2d at 337. Thus, petitioner here has not sustained his burden of showing us that the victim's testimony was inadmissible. *Skinner v. State*, (1978) 270 Ind. 52, 383 N.E.2d 307; *Robbins v. State*, (1971) 257 Ind. 273, 274 N.E.2d 255.

Petitioner also asserts that his trial counsel failed to lay a proper foundation for the admission into evidence of Alonzo Hoffman's deposition. However, the record here shows that the testimony in the deposition was not relevant to any issue of guilt or innocence in this case and therefore collateral and inadmissible. *See, Brown v. State*, 417 N.E.2d at 339. Thus, we find that the alleged inadequacy here does not support petitioner's claim of ineffective counsel.

We also reject petitioner's final claim that his counsel misadvised him of the effect a request for a psychiatric examination would have on his right to a speedy trial. The record is not entirely clear on what advise was actually given to petitioner. But, in any event, petitioner's claim here fails because he neglects to show how he was prejudiced by any incorrect advice.

We finally note that petitioner's counsel filed several motions on his behalf. He also took several depositions, counseled with defendant, and interviewed witnesses. He made several objections and Motions to Strike at trial, as well as tendering instructions. The record further shows that he skillfully and effectively cross-examined witnesses and according to the trial judge, "presented one of the best defenses, if not the only defense, available to the defendant based on the overwhelming evidence against him." We conclude that the post-conviction court's decision that petitioner was not denied effective assistance of counsel is supported by the record.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.