Robert BURTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 885S310.

Supreme Court of Indiana.

Sept. 15, 1986.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Robert Burton was convicted of attempted murder at the conclusion of a jury trial in the Elkhart Superior Court, and was further found to be an habitual offender. He was sentenced to fifty (50) years for attempted murder, enhanced by thirty (30) years for being an habitual offender, for a total of eighty (80) years. On direct appeal, he raises the following issues:

1. sufficiency of the evidence;

2. admission of certain evidence; and

3. sentencing.

During the early morning of February 18, 1984, Appellant and the victim were drinking and gambling at an after-hours establishment. An altercation ensued, after which both men left, but eventually returned. Appellant had a shotgun concealed under his jacket, and told the victim, "It's not over." The victim fled and Appellant chased him. Eyewitness Tom Howell testified he saw Appellant shoot the victim. Evanuel Pratcher testified he saw Appellant shoot, and although he could not see at whom Appellant was shooting, he next saw the victim standing by his car, bleeding.

### I

Appellant first claims there is insufficient evidence to find that he attempted to murder the victim. He bases this claim on the fact that the victim did not actually see Appellant shoot him, that Witness Pratcher did not actually see him shoot the victim, and that Witness Howell is inherently incredible because he had been drinking prior to the shooting.

Where sufficiency of evidence is challenged on review, this Court will neither weigh the evidence nor judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. The evidence set forth above clearly supports the jury's verdict. Appellant's claims go merely to the weight of the evidence, and we find no error in the jury's original weighing of such evidence.

Appellant also maintains there was insufficient evidence to find him an habitual offender because the documents used to prove two prior convictions were not order book entries.

While Appellant is correct in stating that a court speaks only through its order book, we have further held that in an habitual offender proceeding, prior felony convictions may be proven in a variety of ways. Here, the prior felonies were shown *via* court orders, charging informations and court minute entries, all of which Appellant concedes were certified documents. Furthermore, witnesses testified Appellant was the same defendant as in the prior felony cases, and Appellant was even further linked to the prior felonies by the testimony of a fingerprint expert. Such evidence is sufficient to sustain the jury's finding that Appellant was an habitual offender.

### II

Appellant contends the trial court erred in admitting State's Exhibits Nos. 13–22. State's Exhibits Nos. 13–18 were photographs of the victim taken at the hospital. He argues they were inadmissible because their relevancy was established only through hearsay evidence. State's Exhibits Nos. 19–22 consisted of parts of a watch which were found at the crime scene, and shotgun shot and a watchband link taken from the victim's jacket. At trial, Appellant stated no grounds for his objection. He now argues that preliminary questions reveal the basis for the objection to have been a lack of relevancy to the case.

The actual issue concerning State's Exhibits Nos. 13–18 is whether or not the subject in the photographs was sufficiently identified as the victim; if he was, then the evidence is obviously relevant. Arguably, when the exhibits were first introduced, their foundation was comprised only of hearsay evidence. However, subsequent testimony rendered any error harmless because the victim's identification was established without question. Officer Grise, who investigated the crime scene along with the photographer testified as to the identification of the victim. Furthermore, the victim himself viewed the exhibits and positively identified them as pictures of himself. The order in which this evidence came in is not so critical as to render the exhibits inadmissible. Testimony subse-

quent to the exhibits' admission clearly identified the subject as the victim, thus establishing the photographs' relevancy.

[5, 6] Appellant waives any issue as to State's Exhibits Nos. 19–22 because at trial, he stated no grounds for his objection. In *Brown v. State* (1981), 275 Ind. 441, 446, 417 N.E.2d 333, 337, we held, "Grounds for objection must be specific, and any grounds not raised in the trial court are not available on appeal." Nevertheless, State's Exhibits Nos. 19–22 were relevant, in that there was testimony that the victim raised his arm to his eyes when more shots were fired, and that his watch was shot off. The victim so testified and identified parts of his watch.

### III

Finally, Appellant contends the trial court erred in sentencing him because it failed to consider the mitigating factor that the victim "had no hard feelings." Aside from the issue of whether this is a proper mitigating factor to consider at all, our sentencing statute and case law hold that mitigating factors are not mandatory considerations in sentencing. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 496; Ind.Code § 35–38–1–7(c) (West 1986). Here, Appellant was convicted of attempted murder, and was sentenced to fifty (50) years. The grounds for the aggravated sentence included at least twelve convictions, three of which are felonies, three or four of which involve violence and are assault type crimes, two of which involved the use of a deadly weapon; two prior imprisonments which apparently failed to rehabilitate Appellant; recent release from parole; need for correctional treatment; serious permanent injuries to the victim of the instant offense; and that a lesser sentence would depreciate the seriousness of the crime. Where, as in the present case, the sentence is authorized by statute, we will not revise the sentence unless no reasonable person could find the sentence appropriate in light of the nature of the offense and character of the offender.

*Freed v. State* (1985), Ind., 480 N.E.2d 929, 931. No such showing has been made.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.