Thomas RUNYON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8702–CR–236.

Supreme Court of Indiana.

April 6, 1988.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in a conviction of appellant of Rape, a Class A felony, for which he received thirty (30) years, enhanced by twenty (20) years for aggravating circumstances, and Confinement, a Class B felony, for which he received ten (10) years, enhanced by ten (10) years due to aggravating circumstances.

The facts are: On April 5, 1984, appellant had delivered flowers to the home of the victim and on that occasion had requested to use the telephone because his vehicle was stuck in the mud. On April 11, 1984, at approximately 8:00 a.m., appellant again knocked on the victim's door. He asked if the victim remembered him from the previous time and said that he needed to use the telephone as he again was having car problems. The victim consented and allowed him to enter her home.

The victim left appellant at the telephone and proceeded to her bathroom to unplug the curling iron. She was followed by appellant, who held a knife to the victim's

throat and told her that if she made a sound he would slit her throat. Holding the victim by her hair and the knife to her throat, appellant pushed her into a nearby bedroom. He shoved her onto the bed and ordered her to disrobe. As she removed her slacks, he tore her blouse off. Appellant forced the victim to lie face down on the bed. He put a pillow over her head and bound her wrists to the bedposts with coat hangers. He then ran the tip of a knife over parts of the victim's legs and raped her. Appellant told the victim he had just been released from prison and had not been with a woman for a long time and that he had fallen in love with her and realized this was the only way he "could ever have [her]." Before he left, appellant released the victim, coiled the coat hanger wire and placed it in his pocket.

Appellant claims the convictions are not sustained by sufficient evidence. He complains that no other State's witness had firsthand knowledge of the alleged rape. However, this Court has repeatedly held that the uncorroborated testimony of a victim in a rape case is sufficient to sustain the conviction. *Shaw v. State* (1986), Ind., 489 N.E.2d 952.

Appellant contends the testimony of the victim in this case is not believable because there were no scratches on the bedposts where she claims the wire was fastened. However, the evidence in this case shows that the victim had abrasions and cuts on her wrists and that she had a scratch on her neck which she claimed was caused by the knife.

Appellant also claims he had undergone surgery on his arms shortly before the alleged rape and had impaired use of his hands. He contends that in such a condition he could not have used the wires in the manner described by the victim and later coiled them and placed them in his pocket. This was all evidence presented to the jury and it was their prerogative to determine the credibility of the witnesses and the truthfulness of the testimony. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

In the case at bar, appellant admitted that he had sexual relations with the victim but claimed that it was consensual. There is ample evidence in this record from which the jury could find to the contrary.

Appellant claims the court erred in refusing to allow him to question the jury during *voir dire* regarding the Rape Shield Statute and that the court erred in refusing his tendered instruction regarding the rape shield law. It is inappropriate to instruct the jury concerning the existence of the Rape Shield Statute. *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333. The protection afforded witnesses in rape prosecution concerning their past sexual conduct is a question of law to be applied by the trial court and not a question for the jury's consideration. *Id.* The trial court did not err in refusing to allow appellant to examine the jurors concerning the Rape Shield Statute nor did he err in refusing to give an instruction on the statute.

Appellant claims the court erred in overruling his motions for mistrial. He first moved for mistrial when a relative of appellant reported to the court that one of the jurors approached the victim. The court immediately questioned the bailiff who investigated the matter and found that no such contact had taken place. Appellant's counsel then questioned the relative who stated that she saw a juror touch one of the State's witnesses in a manner that suggested he knew her. The State's witness was then questioned by counsel and denied knowing any of the jurors or having contact with any of them. The victim was then questioned and she too stated that she had not had any contact with the jurors. The allegedly offending juror was then questioned and denied having any contact with the victim or any of the State's witnesses. The court then overruled appellant's motion for mistrial. We see no abuse of discretion in such ruling.

The second motion for mistrial occurred when the prosecuting witness testified that appellant told her that he previously had been incarcerated. Even though such statement tended to indicate a criminal record, it was a statement made by appellant as part of a *res gestae* of the rape

in his attempt to justify his actions to the victim. Admission of evidence under the theory of *res gestae* is within the sound discretion of the trial court. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311. The fact that the statement incidentally shows commission of other crimes does not make it inadmissible. *Id.* The trial court did not err in overruling appellant's motion for mistrial, based on the victim's statement that he had told her he had been incarcerated.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.