Noel SANTOS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8611–CR–1005.

Supreme Court of Indiana.

April 20, 1988.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Noel Santos was found guilty by jury of Burglary, a class B felony, and was sentenced to a term of fourteen (14) years imprisonment. In this direct appeal Santos challenges the trial court's failure to consider his youth as a mitigating factor and it's imposition of a sentence greater than the presumptive sentence on aggravating circumstances alone.

The facts most favorable to the State show on April 22, 1984, Appellant Santos and Joseph Rodriguez broke into the East Chicago home of the Magallon family. Rodriguez testified at trial he climbed through the kitchen window which Santos had broken with a broom, then opened the door for Santos from the inside. After the two found the house was empty, they proceeded to carry items out of the house. When they returned to the house a second time to get some more items, they were seen by sixteen year old Melecio Magallon. Melecio, who had returned home before the rest of the family, found two men carrying items out of the house. The men gave some of the items back to Melecio and then departed. Melecio called his mother. She returned home to find the house had been ransacked. Police later recovered some of the Magallon's items from Santos's house. Melecio later identified the men to police as Appellant Santos and Rodriguez.

■ Santos has failed to include in the record a transcript of the sentencing hearing and a copy of his pre-sentence report. The only part of the record pertinent to the issue here presented is the trial court's sentencing order. Santos asserts that the undisputed evidence at trial was that he was nineteen years old at the time of the crime and urges this court to presume that the presentence report would contain his age. However, it is the duty of the appel-

lant to provide the court with a record sufficient to permit our consideration and decision on alleged errors. *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 979. Ind.R.App.P. 7.2(B) mandates that the parties request those parts of the record necessary to dispose of the issues raised on appeal. As the sole issue on appeal here is sentencing, a transcript of the sentencing hearing and a copy of the pre-sentence report should have been included.

Further, Santos's Motion to Correct Errors does not challenge the court's omission of a finding of mitigating circumstances. Rather the motion to correct errors argues "that aggravating circumstances considered by the Court do not justify the excessive penalty of 14 years." Errors not properly preserved during trial and by the motion to correct errors are not available on appeal. *Bond v. State* (1986), Ind., 489 N.E.2d 504, 507. Without a transcript of the sentencing hearing we cannot determine whether Santos raised the present objection during the hearing. Thus, Santos has waived this issue.

 Further, even had the issue been sufficiently preserved, Santos has not shown the sentence imposed was manifestly unreasonable. Santos charges that the court must state in the record its consideration of his youth as a mitigating circumstance. However, our sentencing statute and case law hold that mitigating factors are not mandatory considerations in sentencing. *Burton v. State* (1986), Ind., 497 N.E.2d 535, 538, citing *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 496; IC § 35-38-1-7(c). Santos argues the trial court's failure to discuss his youth as a mitigating factor gives rise to the inference that the trial court improperly failed to consider that factor. *See Jones v. State* (1984), Ind., 467 N.E.2d 681, 683, citing *Page v. State* (1981), Ind., 424 N.E.2d 1021, *on remand*, (1982), 442 N.E.2d 977, *reh. denied*. Here, the sentencing order shows the trial court identified two aggravating circumstances listed for imposing the increased sentence: 1) Santos had recently violated the conditions of probation granted him by a county court, and 2) Santos had a

history of criminal activity including a lengthy juvenile record and a prior felony conviction for theft. The sentencing order does not reflect that the trial court found any mitigating factors significant in the determination of the ultimate sentence. The sentence imposed is authorized by statute and is not manifestly unreasonable in light of the nature of the offense and the character of the offender. *See* IC § 35-50-2-5; Ind.R.App.Rev.Sen. 2. Santos has failed to meet his burden of proof.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.