# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARC LOPEZ**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 23 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERNARD SHORT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1105-CR-403 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Becky Pierson-Treacy
The Honorable David Hooper, Commissioner
Cause No. 49F19-1005-CM-41130

**February 23, 2012**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Bernard Short appeals his conviction for Class A misdemeanor operating a vehicle while intoxicated. We affirm.

## Issues

Short raises two issues, which we restate as:

I.    whether the trial court properly admitted the results of the certified chemical breath test; and

II.   whether the trial court properly instructed the jury.

## Facts

In the early morning hours of May 23, 2010, a driver called 911 to report a possibly impaired driver on Interstate 70 in Indianapolis. Officer Timothy Christie of the Lawrence Police Department initiated a traffic stop of Short after observing his vehicle make unsafe lane movements and cut off other vehicles. Short had glassy eyes, slurred speech, and "an odor of alcoholic beverages coming from his person and breath." Tr. p. 117. Officer Christie called for a DUI task force car, and Lieutenant Richard Kivett arrived on the scene. Lieutenant Kivett noticed that Short had bloodshot eyes and was "weaving back and forth." Id. at 133. Lieutenant Kivett performed three field sobriety tests on Short, and Short failed each test. Test results from a certified chemical breath test showed that Short had a BAC of 0.10.

The State charged Short with Class C misdemeanor operating a vehicle with a blood alcohol content of .08 or greater and Class A misdemeanor operating a vehicle while intoxicated. Short filed a motion to suppress the results of the certified chemical

2

breath test, alleging that Lieutenant Kivett failed to follow the proper testing procedures by placing the mouthpiece on the testing equipment earlier than allowed. The trial court denied Short's motion to suppress but certified the order for interlocutory appeal. This court denied Short's request for an interlocutory appeal.

At Short's jury trial, Lieutenant Kivett testified that he placed the mouthpiece on the testing equipment at the proper time, and the State sought to admit the results of the certified chemical breath test. Short objected and questioned Lieutenant Kivett about his testimony at the suppression hearing. The trial court overruled the objection and admitted the results of the certified chemical breath test. Short also sought to have the jury instructed regarding the admissibility of a chemical breath test, and the trial court rejected the instruction. The jury found Short guilty as charged. The trial court "merged" the Class C misdemeanor operating a vehicle with a blood alcohol content of .08 or greater charge "into" the Class A misdemeanor operating a vehicle while intoxicated conviction. App. pp. 9-10. The trial court sentenced Short to 365 days with 363 days suspended to probation. Short now appeals.

**Analysis**

*I. Admissibility of the Chemical Breath Test*

Short argues that the trial court abused its discretion by admitting the results of the certified chemical breath test. The admission of chemical breath test results is left to the sound discretion of the trial court and will be reviewed for an abuse of discretion. State v. Molnar, 803 N.E.2d 261, 265 (Ind. Ct. App. 2004). When we view for abuse of discretion, we accord the trial court considerable deference, view the evidence in a light

3

most favorable to the decision, and determine whether the trial court's decision can be justified in light of the evidence and circumstances of the case. Fish v. State, 710 N.E.2d 183, 185 (Ind. 1999). We do not reweigh evidence; rather, we consider the evidence most favorable to the trial court's ruling as well as any uncontroverted evidence favorable to the defendant. Williams v. State, 898 N.E.2d 400, 402 (Ind. Ct. App. 2008), trans. denied.

Results of chemical breath tests are not admissible if the test operator, test equipment, chemicals used in the test, or techniques used in the test have not been approved in accordance with the rules adopted by the Department of Toxicology. Ind. Code § 9-30-6-5(d). Because the State is the party offering the results of the breath test, it has the burden of establishing the foundation for admitting the results. Molnar, 803 N.E.2d at 265. Therefore, the State must set forth the proper procedure for administering a chemical breath test and show that the operator followed that procedure. Id.

Short argues that Lieutenant Kivett's testimony at the trial regarding the procedure used to perform the chemical breath test on Short was different than his testimony at the suppression hearing. According to Short, the trial court should not have admitted the test results because of the differences in the testimony and because Lieutenant Kivett's suppression hearing testimony showed that he did not follow the appropriate testing procedures.

The Department of Toxicology's rules regarding the chemical breath test provide in part:

4

The following is the approved method to conduct a B.A.C. Datamaster with keyboard test for ethanol intoxication:

(1)     The person to be tested must:

    (A)     have had nothing to eat or drink;
    (B)     not have put any foreign substance into his or her mouth or respiratory tract; and
    (C)     not smoke;

    within twenty (20) minutes before the time a breath sample is taken.

(2)     The green LED on the instrument display must be glowing.

(3)     Depress the run button, enter the password, and insert the evidence ticket or verify that the external printer is ready to use.

(4)     Follow the displayed request for information, and enter the information by the keyboard.

(5)     When "please blow" appears on the display, place a new mouthpiece in the breath tube. The subject must deliver a breath sample.

(6)     When the printer stops, remove the evidence ticket or report sheet from the printer and check the report printed on the evidence ticket or report sheet for the numerical ethanol subject sample and correct date and time.

260 Ind. Admin. Code 1.1-4-8

At the trial, Lieutenant Kivett testified that he observed Short for more than twenty minutes and that Short did not put anything in his mouth during that time. When the green LED on the instrument display was lit, he pressed the run switch, entered a password, inserted the evidence ticket, and entered the requested information via the

keyboard. When the display questioned whether the subject refused the test, Short indicated that he would take the test, and Lieutenant Kivett entered that information. The screen then indicated, "please blow," and Lieutenant Kivett attached the mouthpiece. Tr. p. 167. Short then blew into the machine. When the State attempted to admit the test results into evidence, Short asked preliminary questions regarding Lieutenant Kivett's suppression hearing testimony, in which Lieutenant Kivett testified that he placed the mouthpiece on the machine before the display read, "please blow." Short argued that the test results were inadmissible because Lieutenant Kivett failed to follow the appropriate testing procedures, but the State argued that Lieutenant Kivett's trial testimony merely cleared up confusion regarding the testing steps detailed in his suppression testimony. The trial court admitted the test results over Short's objection.

Given our standard of review for admissibility of evidence, we cannot say that the trial court abused its discretion. Considering the evidence most favorable to the trial court's decision, Lieutenant Kivett properly performed the chemical breath test, and the test results were admissible.

## II. Jury Instruction

Short argues that the trial court erred by rejecting his proposed jury instruction. We review a trial court's decision on how to instruct a jury for abuse of discretion. Treadway v. State, 924 N.E.2d 621, 636 (Ind. 2010). When evaluating the jury instructions on appeal this Court looks to whether the tendered instructions correctly state the law, whether there is evidence in the record to support giving the instruction, and whether the substance of the proffered instruction is covered by other instructions. Id.

6

We will reverse a conviction only if the appellant demonstrates that the instructional error prejudices his substantial rights. Id.

Short tendered the following proposed jury instruction:

> For the results of a chemical breath test to be admissible three requirements must be satisfied:
>
> (1)　the person who administered the test must be certified by the Department of Toxicology,
> (2)　the equipment used in the test must have been inspected and approved by the Department of Toxicology, and
> (3)　the operator must have followed the procedures approved by the Department of Toxicology.
>
> The results of chemical tests that involve an analysis of a person's breath are not admissible if:
>
> (1)　the test operator;
> (2)　the test equipment;
> (3)　the chemicals used in the test, if any; or
> (4)　the techniques used in the test;
>
> have not been approved in accordance with the rules adopted by the Department of Toxicology.

App. p. 15. The trial court was concerned with the language discussing admissibility in the proposed instruction and rejected it.

The proposed instruction tracks the language of Indiana Code Section 9-30-6-5(d) and Ramirez v. State, 928 N.E.2d 214 (Ind. Ct. App. 2010), trans. denied. However, simply because the language tracks the language from an opinion from this court and a statute does not make it proper for a jury instruction. See Ludy v. State, 784 N.E.2d 459, 462 (Ind. 2003) ("The mere fact that certain language or expression [is] used in the opinions of this Court to reach its final conclusion does not make it proper language for

7

instructions to a jury."). Our supreme court has held that admissibility is to be determined by the court, not the jury. For example, in <u>Brown v. State</u>, 275 Ind. 441, 450, 417 N.E.2d 333, 339 (1981), our supreme court held that the trial court properly refused to give the defendant's proposed instruction regarding the rape shield statute. The court noted: "It is clear that the law in question concerns the issue of admissibility and this issue is to be resolved by the court, not the jury." <u>Brown</u>, 275 Ind. at 450, 417 N.E.2d at 339; <u>see also</u> <u>Coates v. State</u>, 534 N.E.2d 1087, 1093 (Ind. 1989) (rejecting a jury instruction concerning the admissibility of a confession). The proposed instruction concerns admissibility of evidence, which is determined by the trial court, and the trial court properly rejected the instruction.

### Conclusion

The trial court did not abuse its discretion by admitting the results of the chemical breath test, and the trial court properly rejected Short's proposed jury instruction. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.