# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jay Lavender,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 31, 2017<br><br>Court of Appeals Case No. 45A03-1701-CR-105<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Salvador Vasquez, Judge<br><br>Trial Court Cause No. 45G01-1408-F5-6 |

**Barnes, Judge.**

# Case Summary

[1] Jay Gary Lavender appeals his conviction for Class B misdemeanor reckless operation of a tractor-trailer. We affirm.

# Issues

[2] Lavender raises two issues on appeal:

    I.    whether the trial court abused its discretion by refusing Lavender's proposed jury instruction; and

    II.    whether the evidence is sufficient to sustain Lavender's conviction for Class B misdemeanor reckless operation of a tractor-trailer.

# Facts

[3] On August 9, 2014, Ajit Andrew Das stopped in Hobart to get gas for his minivan at a gas station located on the corner of U.S. 30 and Mississippi Street. Hobart Police Department Officer Christopher Sipes was parked at the gas station, on duty and watching traffic for potential violations. As Das pulled out of the station, heading west, he made a legal right turn into the first through-lane. There were two cars stopped at a red light in front of him. Lavender's truck was about 240-270 feet behind Das when he pulled out. As Das was coming to a stop, he heard Lavender begin to honk his horn and continue to honk his horn until he approached Das's vehicle. Das later said, "I mean, he probably would have slowed down somewhat, but to come to the stop where I am, to come to stop at the light, it seemed awfully aggressive on the speed. I've

never seen a truck close a red light with that sort of speed." Tr. Vol. I p. 49. Lavender stopped the tractor-trailer at an angle. The cab of the truck stopped in the left lane next to Das's driver's-side window, and the trailer of the truck was behind Das's vehicle.

[4] Once the vehicle was stopped, Lavender got into the passenger seat of his truck, rolled down the window, and began yelling at Das. Das did not roll down his window because he did not want to make the situation worse. After Lavender yelled at Das, Lavender climbed back into the driver's seat, angled the front of the cab toward Das's vehicle, and "lurched" at him two or three times. *Id.* at 53. Das was afraid the truck would hit his vehicle but it did not, although it came within inches of doing so.

[5] Officer Sipes observed the incident between Das and Lavender. He believed that, based on his training and experience, Das had not committed any traffic violations when he pulled out of the gas station and that Lavender had enough room to stop without colliding with Das's vehicle. Officer Sipes later explained that Lavender's "[stop] appeared controlled to me. It didn't look like he was driving recklessly at that point. It looked like he could have stopped if he had chosen to." *Id.* at 112. Officer Sipes also witnessed Lavender yell at Das and then lurch the tractor-trailer toward Das's vehicle. Officer Sipes pulled over both Lavender and Das; Das was soon allowed to leave, but Lavender was arrested.

[6] On August 11, 2014, the State charged Lavender with Level 6 felony intimidation, Level 6 felony criminal recklessness, Class B misdemeanor reckless operation of a tractor-trailer, and the Class C infractions of excessive use of a horn and unsafe lane movement. A jury trial began on October 25, 2016. Following the State's evidence, the trial court granted Lavender's request for a directed verdict for the Level 6 felony intimidation charge, but denied his request for the remaining charges.

[7] During the trial, Lavender tendered a proposed jury instruction, which provided: "If the evidence merely tends to establish a suspicion of guilt or the mere opportunity to commit the charged act, it is clearly insufficient to sustain a conviction." App. Vol. II p. 111. The trial court refused to give the instruction, stating: "I think it's largely covered already in the burden of proof instruction . . . and presumption of innocence instruction that the Court's already giving the jury. I do not believe that this instruction adds anything more than what's already being given." Tr. Vol. II p. 50.

[8] The jury found Lavender guilty of Class B misdemeanor reckless operation of a tractor-trailer and found him not guilty or not liable for the other charges. A sentencing hearing was held on December 14, 2016. During the hearing, Lavender moved for judgment notwithstanding the verdict. The trial court denied the motion and sentenced Lavender to time served. Lavender now appeals.

# Analysis

## *I. Proposed Jury Instruction*

[9] Lavender argues that the trial court abused its discretion when it refused to give his tendered instruction. The purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Murray v. State,* 798 N.E.2d 895, 899 (Ind. Ct. App. 2003). We review a trial court's decision on how to instruct a jury for abuse of discretion. *Short v. State,* 962 N.E.2d 146, 151 (Ind. Ct. App. 2012). In reviewing a trial court's decision to give a tendered jury instruction, we consider whether the instruction correctly states the law, is supported by the evidence in the record, and is not covered in substance by other instructions. *Murray,* 798 N.E.2d at 900. We will reverse a conviction based on alleged instructional error only if the defendant demonstrates that the error prejudiced his or her substantial rights. *Id.*

[10] Lavender tendered the following proposed jury instruction: "If the evidence merely tends to establish a suspicion of guilt or the mere opportunity to commit the charged act, it is clearly insufficient to sustain a conviction." App. Vol. II p. 111. In rejecting the instruction, the trial court noted that it would give several instructions on the burden of proof and presumption of innocence that it believed adequately covered Lavender's proposed instruction. Those instructions provided in part:

> [A] person charged with a crime is presumed to be innocent.
> This presumption of innocence continues in favor of the

defendant throughout each stage of the trial and you should fit the evidence presented to the presumption that the defendant is innocent, if you can reasonably do so.

If the evidence lends itself to two reasonable interpretations, you must choose the interpretation consistent with the defendant's innocence. If there is only one reasonable interpretation, you must accept that interpretation and consider the evidence with all the other evidence in the case in making your decision.

* * * * *

A defendant must not be convicted on suspicion or speculation. It is not enough for the State to show that the defendant is probably guilty. . . .

The State must prove each element of the crimes charged by presenting evidence that firmly convinces each of you and leaves no reasonable doubt. The proof must be so convincing that you can rely and act upon it in this matter of the highest importance. If you find that there is a reasonable doubt that the defendant is guilty of the crimes, you must give the defendant the benefit of that doubt and find the defendant not guilty of the crime under consideration.

Id. at 94-95.

[11]     In *Townsend v. State,* 934 N.E.2d 118 (Ind. Ct. App. 2010)*, trans. denied*, we

uphold the refusal to give an instruction identical to Lavender's proposed

instruction because its substance was adequately covered by the given instructions. We noted that jury instructions must be considered as a whole and in reference to each other. *Townsend*, 934 N.E.2d at 130. Additionally, a refusal to give a proposed instruction is not reversible error unless the instructions as a whole misstate the law or misled the jury. *Id.* A trial court's given instructions are adequate if they reasonably inform the jury of the basis upon which it could, and could not, convict a defendant. *Id.*

[12] As in *Townsend*, the trial court here gave numerous instructions regarding the State's burden of proof and Lavender's presumption of innocence. Considering the instructions as a whole, the proposed "mere opportunity" instruction was unnecessary. The trial court did not abuse its discretion by refusing to give Lavender's proposed instruction.[1]

## II. Sufficiency of the Evidence

[13] Lavender contends that the evidence was insufficient to sustain a conviction for Class B misdemeanor reckless operation of a tractor-trailer. When reviewing a claim of insufficient evidence, we neither reweigh evidence nor judge the credibility of witnesses. *Rutherford v. State,* 866 N.E.2d 867, 871 (Ind. Ct. App. 2007). We consider only the probative evidence and reasonable inference

---

[1] Lavender suggests that the jury's allegedly "inconsistent" verdicts "could mean that it misunderstood its instructions," quoting *Beattie v. State*, 924 N.E.2d 643, 648 (Ind. 2010). The next sentence in *Beattie*, however is, "But it is much more likely that the jury chose to exercise lenity, refusing to find the defendant guilty of one or more additionally charged offenses, even if such charges were adequately proven by the evidence." *Id.* We see no indication here that the jury misunderstood its instructions.

supporting the verdict. *Townsend,* 934 N.E.2d at 126. We will affirm a conviction unless we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Stokes v. State,* 922 N.E.2d 758, 763 (Ind. Ct. App. 2010), *trans. denied.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Townsend,* 934 N.E.2d at 126.

[14] Pursuant to Indiana Code Section 9-21-8-50, "[a] person who operates a tractor-trailer combination in a reckless or deliberate attempt to: (1) endanger the safety or property of others; or (2) block the proper flow of traffic; commits a Class B misdemeanor." "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c). "Recklessness . . . differs from intentionality in that the actor does not seek to attain the harm; rather he believes that the harm will not occur." *Humes v. State*, 426 N.E.2d 379, 383 (Ind. 1981). The word "endanger" or "endangerment" in a criminal statute refers to past or present conduct by the defendant that placed a person in danger and does not require that actual harm or injury occur. *See Davis v. State*, 13 N.E.3d 500, 503 (Ind. Ct. App. 2014).

[15] Lavender contends that "the movement of the tractor and Das's subjective perception or fear does not equate to proof or evidence that Lavender recklessly or deliberately attempted to endanger Das or his property." Appellant's Br. p. 14. Even if Das's subjective fear of harm was irrelevant, there is ample

objective evidence that Lavender operated his tractor-trailer in a reckless manner. The evidence most favorable to the conviction is that Das made a safe and legal turn onto U.S. 30. According to Officer Sipes, a trained professional who observed the incident, Lavender had sufficient room to stop his tractor-trailer behind Das's vehicle. Instead, Lavender came to a controlled stop with his cab at Das's driver's-side door and the trailer behind Das's vehicle. Lavender then yelled and gestured at Das before getting back behind the wheel and deliberately lurching his tractor-trailer towards Das, coming within inches of striking Das's vehicle, before driving away.

[16] This evidence is sufficient to prove that Lavender recklessly endangered Das's property or safety. Although no harm actually came from Lavender's conduct, the statute criminalizing reckless operation of a tractor-trailer does not require such harm. Rather, it is clearly intended to dissuade operators of tractor-trailers from operating their vehicles recklessly due to their large size and potential danger to other drivers and to prevent actual harm from happening. Lavender's actions of stopping his tractor-trailer in the way he did when he did not need to do so, and then of lurching towards Das's minivan while in an angry state of mind, was reckless conduct that could have resulted in serious harm to Das's vehicle or Das himself if Lavender had slightly misjudged his stop or lurched just a few inches further. Lavender's sufficiency argument is a request to reweigh the evidence that we must decline.

# Conclusion

[17] The trial court did not abuse its discretion by refusing Lavender's proposed jury instruction, and there was sufficient evidence to sustain Lavender's conviction for Class B misdemeanor reckless operation of a tractor-trailer. We affirm.

[18] Affirmed.

Baker, J., and Crone, J., concur.