Daniel K. SEARS, Appellant,

v.

STATE of Indiana, Appellee.

No. 183S23.

Supreme Court of Indiana.

Dec. 20, 1983.

Ray Warren Robison, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Daniel K. Sears was convicted of Perjury, Ind.Code § 35–44–2–1 (Burns Supp.1983), at the conclusion of a jury trial in Lawrence Circuit Court on August 18, 1982. Defendant Sears was also found to be a habitual offender and was given thirty-four (34) years imprisonment. He now appeals.

Defendant raises four errors on appeal, concerning:

1) whether the trial court properly denied the defendant's request that he be allowed to re-open *voir dire* between the

guilt phase and habitual offender phase of the trial;

2) whether the appointment of a special prosecutor for the habitual offender phase of the trial was timely and precluded the possibility that the defendant was unduly prejudiced;

3) whether the trial court erred in denying the defendant's motion to determine the status of his offense; and

4) whether the trial court properly admitted, over objections to adequacy of foundation, State's Exhibits A through J.

The evidence most favorable to the State reveals that the defendant was charged with criminal deviate conduct in 1981, cause number 81 CR 44 in the Lawrence Circuit Court. In a pretrial hearing held on March 1, 1982, the defendant testified that his friend and accomplice, Robert Harbison, usually carried a knife but he did not see the knife when the offense was committed. During the trial, on April 22, 1982, however, the defendant testified that he did see Harbison with a knife during the offense. After the defendant was convicted of criminal deviate conduct, the State then charged him with perjury on May 11, 1982. The defendant was charged with four counts of perjury but was convicted of only the one charge dealing with his testimony concerning Harbison's knife.

I

The defendant exercised only eight of his ten peremptory challenges at *voir dire* and then attempted to re-open *voir dire* after being convicted on the underlying felony of perjury. The trial court refused to allow additional *voir dire* before the habitual offender phase of the trial. In three separate arguments, the defendant raises as error the trial court's refusal to re-open *voir dire*, its refusal of his motion to peremptorily strike jurors between phases of the trial, and its refusal of his motion to withdraw the case from the jury for further *voir dire*.

■ The defendant's argument is similar to other attacks on the Habitual Offender statute, Ind.Code § 35–50–2–8 (Burns Repl. 1979). The defendant claims that the statute is unconstitutional because it denies the accused a trial by a fair and impartial jury. The only way to correct this problem, the defendant urges, is to allow *voir dire* of the jury prior to the habitual offender phase. We have already stated that there is no merit to such attacks which "question the impartiality of jurors who have just found a defendant guilty of a felony and are then asked to determine if he is an habitual offender. (citations omitted)." *Powers v. State*, (1982) Ind., 431 N.E.2d 799, 801. In addition, we stated that it would be improper to allow a *voir dire* of the jury at that time. *Yager v. State*, (1983) Ind., 437 N.E.2d 454 at 462.

■ As for the defendant's remaining argument, we do not agree that he should have been given the right to peremptorily strike jurors one and two prior to the habitual offender phase of the trial. The defendant argues that he has this right because this Court has held that the exact same jury, person for person, is not required to sit in the habitual offender proceeding. *Havens v. State*, (1981) Ind., 429 N.E.2d 618, 621. In that case, a juror was excused and replaced with one of the alternate jurors. This took place after the trial but before the habitual offender phase of the proceeding. We stated that an alternate juror is a member of the jury and should an alternate have to replace one of the jurors, the "jury" continues legally constituted and duty bound to perform its function. *Id.* The language in *Havens* should not suggest, however, that defendants automatically have the right to strike jurors prior to the habitual offender phase. *Havens* merely holds that a defendant's right to a fair trial is not compromised by replacing a juror with an alternate.

■ Although no reason need be given for the peremptory striking of jurors, the defendant claims that jurors one and two exhibited bias and prejudice toward him. The defendant argues that this bias was perceived during the trial and was not discovered during the *voir dire;* however, the

defendant does not show what this bias and prejudice constituted. The argument section of the appellate briefs does not point out any specific behavior to illustrate this claim. It appears to be speculation at this point. The State does point out, however, that defense counsel questioned prospective jurors about ties with the defendant and whether they or family members had been victims of any crimes. It appears that the defendant was afforded the opportunity to examine the potential jurors as to their possible connections with the defendant, even though the habitual offender charge was not specifically mentioned. We feel the trial court properly denied the defendant's motion to strike the jurors. There is no error shown here.

II

The defendant filed a written motion for the appointment of a special prosecutor prior to trial on the underlying felony. The prosecutor had represented him in one or more cases which were listed in the habitual offender charge. Whether the defendant sought the appointment of a special prosecutor for the trial on the perjury charge or only for the habitual offender phase is unclear from the written motion. In the argument section of the brief, however, the defendant argues that a special prosecutor was necessary for the trial on the perjury charge. The record shows a special prosecutor was appointed for the habitual offender phase of the proceeding.

■ The purpose of appointing a special prosecutor in cases such as the one at bar is to prevent the prosecuting attorney from using, to his former client's detriment, information obtained from the client in confidence. *Havens, supra,* Issue I. A special prosecutor is necessary only when the accused can demonstrate that, by reason of his former confidential relationship with the prosecutor, the prosecutor has acquired special knowledge of the facts being litigated, or facts which are closely interwoven therewith. *State ex rel. Meyers v. Tippecanoe County Court,* (1982) Ind., 432 N.E.2d 1377. In *Meyers,* we held that

where the habitual offender charge against the defendant was based upon two prior theft cases in which the prosecutor had represented the defendant, the prosecutor had to be disqualified and a special prosecutor appointed in his place. Thus, the trial court acted properly in appointing a special prosecutor to proceed in the habitual offender phase of the trial.

■ As for the defendant's argument that the prosecutor should have recused himself from the trial of the perjury charge because he represented the State in the trial at which the defendant committed the perjury, it is obvious that the defendant did not confide in the prosecutor at that time and the prosecutor was not representing the defendant at that time. The prosecutor owed no duty to the defendant and did not acquire any special knowledge from him. The defendant fails to show any information that the prosecutor might have gleaned from him during the course of their attorney-client relationship which he might have used during the perjury trial. The appointment of the special prosecutor for the habitual offender phase was sufficient to avoid even the appearance of impropriety. No error was committed.

III

■ The defendant next complains that the trial court erred by failing to determine the status of the offense of perjury prior to the start of the habitual offender proceeding. Under Ind.Code § 35-50-2-7(b), the trial court has the discretion to enter judgment and pronounce sentence for a class A misdemeanor when the accused has been found guilty of a class D felony, as in the case at bar. The defendant cites *Collins v. State,* (1981) Ind., 415 N.E.2d 46, 56, in which we wrote that it is the "better practice" for the trial court to determine whether it will enter judgment for a class A misdemeanor rather than a class D felony before the habitual offender proceeding. This would occur, of course, after the trial court considers the pre-sentence investigation report. Although we wrote this would be the "better practice", it is not error for

trial courts to not follow the "better practice", and the failure to enter judgment between phases of the bifurcated proceeding is not reversible error. *Funk v. State,* (1982) Ind., 427 N.E.2d 1081, 1088. No error has been shown.

## IV

■ Finally, the defendant argues that the trial court erred by overruling his objection to the admission of State's Exhibits A through J, offered at the habitual offender phase. He argues that there was no evidentiary foundation to show that the defendant is the same Daniel K. Sears named in those exhibits. We find that the defendant is mistaken.

In *Poe v. State,* (1983) Ind., 445 N.E.2d 94, we considered a similar argument. In that case, Poe's former defense counsel testified that as far as he knew, Poe was the same man whose name appeared in the documentary evidence. We held that the jury was justified in concluding from this testimony alone that the accused and the man named in the documents were one and the same. *Id.* at 98.

In the present case, Ruth Johnson, the Lawrence Circuit Court Reporter, testified that she was present when the defendant testified in a prior trial that he had been convicted of aggravated assault and battery in 1973, of forgery in 1965, and of involuntary manslaughter in 1978, all in Lawrence Circuit Court. The State then introduced Exhibits A through J which were docket sheets, charging informations and order book entries bearing the defendant's name and regarding the convictions and dates testified to by Johnson. Under *Poe,* this is sufficient to relate the documents offered by the State to the defendant. There was sufficient evidence to find the defendant guilty of being a habitual offender. The fact that the testimony of Johnson did not refer to the specific cause numbers on the documents does not render them inadmissible.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.