**Lonnie Wayne BLANKENSHIP,
Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 883S288.

Supreme Court of Indiana.

May 18, 1984.

Nile Stanton, P.C., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of one count of rape, a class B felony, and two counts of criminal confinement, also a class B felony. The court sentenced him to terms of twenty (20) years imprisonment

for the rape count and ten (10) years imprisonment for each count of criminal confinement, the sentences to run consecutively.

The facts are: On September 16, 1982, appellant, his brother and Rocky Wilson went camping at Purdee Farm in Delaware County. On the evening of September 17, 1982, they borrowed a boat and went fishing. Upon returning to their campsite, they discovered that some of their property was missing.

Appellant and Wilson set out to investigate another campsite in an attempt to recover the missing property. At the campsite they came upon two couples. Appellant and Wilson, who were armed with a shotgun and a hatchet, accused them of stealing their property and forced one of the men to open the trunk of his car.

Failing to find the missing property, appellant and Wilson ceased their accusations. They shared some beer, vodka and marijuana with the campers. At some point appellant and Wilson left the group briefly to talk between themselves. When they returned they forced the four individuals to lie face down on the ground. They locked the two men in the trunk of their car and directed their attention to the two women.

Appellant pointed the shotgun at T.H. and forced her to take off her clothes. He raped her a total of six times, after which he passed out. While he was unconscious, Wilson forced T.H. to perform oral sex. Subsequently, Wilson, with the aid of the two women, awakened appellant. Appellant and Wilson then freed the two men and left. The four victims went to a nearby farm to call the police, who arrested appellant and Wilson at their campsite.

The first issue raised by appellant is whether the trial court erred in allowing T.H. to testify that Wilson forced her to perform oral sex. Appellant argues that the testimony was irrelevant and highly prejudicial, as he was not conscious at the time of the act and was not charged with any crime relating to the act.

Appellant's argument is without merit. The testimony is admissible under the theory of *res gestae*. Admission of evidence under a theory of *res gestae* is within the sound discretion of the trial court. *Spears v. State*, (1980) 272 Ind. 634, 401 N.E.2d 331. Under the circumstances of this case, we find no abuse of discretion in allowing the controverted testimony which was relevant and directly related to the charged offenses.

Wilson's act was clearly contemporaneous with the acts for which appellant was charged. Happenings near in time and place which complete the story of the crime, by proving its immediate context, are admissible under the theory of *res gestae*. *Brown v. State*, (1981) Ind., 417 N.E.2d 333; *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. The fact that appellant did not commit the act does not render the testimony inadmissible, as there is ample evidence for the jury to find that the two acted in concert. Any and all acts performed by either of them in the course of the crimes are part of the *res gestae*. *See Grimes v. State*, (1972) 258 Ind. 257, 280 N.E.2d 575. Nor does the fact that neither was charged with criminal deviate conduct affect the admissibility of the victim's testimony. Evidence of noncharged crimes may be admitted where each of the crimes is part of an uninterrupted transaction. *Bond v. State*, (1980) 273 Ind. 233, 403 N.E.2d 812; *Kiefer v. State*, (1960) 241 Ind. 176, 169 N.E.2d 723.

Appellant claims the trial court erred in refusing to allow defense counsel to cross-examine T.H. concerning her knowledge of criminal charges pending against her boyfriend (one of the victims), where the purpose of the cross-examination was to show bias and to reveal her motives for falsely accusing appellant. Appellant contends that a reasonable inference could be drawn that if T.H. were aware of her boyfriend's prior arrests, she would attempt to conceal any "further crimes."

The trial court has the discretion to determine the scope of a cross-examination and only a clear abuse of that discre-

tion warrants reversal. *City of Indianapolis v. Swanson*, (1983) Ind., 448 N.E.2d 668; *Schalkle v. State*, (1979) 272 Ind. 134, 396 N.E.2d 384. It is not reversible error to disallow cross-examination for bias and prejudice if the line of questioning would not give rise to a reasonable degree of probability of bias and prejudice. *Clark v. State*, (1976) 264 Ind. 524, 348 N.E.2d 27. We find no abuse of discretion in the instant case.

Appellant claims the trial court erred in denying defense counsel's motion to withdraw when counsel advised the court that he knew the State's complaining witness. Appellant alleges that his attorney's conflict of interest prevented him from effectively cross-examining T.H., the complaining witness. Appellant's attorney stated that while he did not realize that he knew T.H. prior to the date of trial, he recognized her when interviewing her that day in the prosecutor's office. Upon hearing argument by both sides, the court denied the motion.

■■■ In circumstances such as these, a tension exists between the efficient administration of justice on the one hand and both the client's right to adequate assistance of counsel and the attorney's duty of zealous representation on the other. Resolution of these competing interests is decided by the trial court's exercise of discretion, reviewable only for abuse. *Wombles v. State*, (1979) 270 Ind. 181, 383 N.E.2d 1037; *Perry v. State*, (1979) 181 Ind.App. 553, 393 N.E.2d 204. Among the factors to be considered are the timing of the motion and the period of time elapsed between the filing of charges and the trial. *See People v. Schultheis*, (1981) Colo., 638 P.2d 8.

■■ Previously we have found that denial of a motion to replace counsel during or immediately before trial does not constitute abuse of discretion. *Wombles, supra; German v. State*, (1978) 268 Ind. 67, 373 N.E.2d 880. In this instance counsel moved to withdraw during selection of the jury, alleging a conflict of interest due to an unspecified relationship with the complaining witness. The court noted that appellant had already been granted one continuance, and determined that counsel's belated recognition of the identity of the complaining witness would not deter him from representing appellant in a professional and competent manner. We will not substitute our judgment for the trial court's in its resolution of the competing interests. We find no abuse of discretion in the court's denial of counsel's motion to withdraw.

The trial court is in all things affirmed.

All Justices concur.