Thomas Jefferson **LARRY**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 45S00–8607–CR–680.

Supreme Court of Indiana.

Jan. 5, 1988.

Richard C. Wolter, Office of the Public
Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael
Gene Worden, Deputy Atty. Gen., India-
napolis, for appellee.

SHEPARD, Chief Justice.

Appellant Thomas Jefferson Larry was tried before a jury and convicted of attempted murder, a class A felony, Ind.Code §§ 35–42–1–1, 35–41–5–1 (Burns 1985 Repl.). The trial court sentenced him to twenty years imprisonment.

On direct appeal, Larry raises two issues:

1. Whether the trial court erred in refusing Larry's tendered instruction on the lesser included offense of battery, and
2. Whether the trial court erred in admitting prior statements of three State's witnesses.

The evidence most favorable to the verdict shows that the victim, Robert Holtzman, was a Gary Police Department patrolman. Though still in uniform, he was off duty and driving his personal car shortly after midnight on April 18, 1985. He was flagged down by two employees of the Gary police motor pool, who had witnessed a fight in progress. One of the employees, Jelester Leason, rode with Holtzman and directed him to the scene of the fight.

On arriving, Holtzman saw two men fighting. Still in uniform, he opened the car door and identified himself as a police officer. Holtzman saw a muzzle flash and heard a gun shot. Holtzman returned fire, and Leason fired once into the air. The assailant ran, shooting over his shoulder at Holtzman, who pursued him. Holtzman twice identified himself as a police officer and ordered the defendant to stop. Though he eluded Holtzman, Larry was apprehended later, and Holtzman identified him as the man who shot at him.

Larry contended that he did not intend to shoot Officer Holtzman. He was arguing with a man who had been dating his daughter when he saw Holtzman's car pull up and Leason exit with a gun. He testified that he never saw Holtzman nor heard him identify himself as a police officer. He claimed he shot only to protect himself.

## I. Lesser Included Offense Instruction

■ Larry tendered an instruction on battery as a lesser included offense, which the trial court refused. In reviewing a claim that the trial court erred in refusing an instruction on a lesser included offense, we employ a two-step analysis. First, an examination of the statutes and the charging information must indicate that a conviction of the greater offense necessitates proof of all the essential elements of the lesser offense and of one distinguishing element. Second, the evidence presented must be examined for the element which distinguishes the two offenses. If there is evidence of probative value on the distinguishing element which would not produce a compromise verdict, then the lesser included offense instruction is proper. *Jones v. State* (1986), Ind., 491 N.E.2d 980.

Larry asserts that this Court has held battery is a lesser included offense of attempted murder, citing *Johnson v. State* (1984), Ind., 464 N.E.2d 1309. The Court in *Johnson* found that battery was not inherently an included offense of attempted murder. Rather, the Court found that battery might be included if an examination of the charging instrument reveals that the manner and means allegedly employed in the commission of the attempted murder include all the elements of battery. The information charging attempted murder in *Johnson* also included the elements of battery, and a lesser included offense instruction was proper.

■ Though the information filed in *Johnson* is very similar to the information filed in this case, it differs in one important way. The *Johnson* information alleged that the victim was actually wounded by the assailant's bullet. That information contained all the essential elements necessary to convict the defendant of battery. Ind.Code § 35–42–2–1. (Burns 1985 Repl.). In this case, the information did not allege a touching, and it therefore did not contain an essential element of battery. The information does not allege conduct which would comprise battery and cannot support battery as a lesser included offense.

The trial court properly refused Larry's tendered instruction.

## II. Witness Statements

■ The day after the crime, Holtzman and the two motor pool employees gave

statements to Detective DeLuna of the Gary Police Department. On direct examination, each testified about his observations and actions on the night of the crime. Their testimony was basically consistent with their out-of-court statements. They identified State's exhibits as the statements made to Detective DeLuna, and they acknowledged their signatures. The witnesses were cross-examined and then excused.

The testimony of Detective Louis DeLuna followed. He testified that the exhibits were accurate transcripts of the statements made by the witnesses. The State then moved for admission of the exhibits. Larry objected on the grounds that the exhibits were cumulative and that he had no opportunity to cross-examine the witnesses regarding their statements. The prosecutor indicated that the witnesses were still available for cross-examination, and the court admitted the exhibits.

 Larry pursues the argument that the statements were improperly admitted because the witnesses were excused and he had no opportunity for cross-examination. The out-of-court declarations of a witness are admissible if the declarant also testifies and is available for in-court testimony. *Edwards v. State* (1986), Ind., 500 N.E.2d 1209. It is not sufficient merely to show that the declarant has testified; the proponent must also show the declarant's availability for cross-examination after the questioned evidence is admitted. *Gaunt v. State* (1983), Ind., 457 N.E.2d 211. It is not necessary that the declarant be on the stand when the evidence is admitted. *Thurston v. State* (1985), Ind., 472 N.E.2d 198. If the declarant has previously testified about the content of the statement, was subject to full cross-examination on the content of the statement, and remains available for cross-examination, the out-of-court declaration may be admitted. *Dudley v. State* (1985), Ind., 480 N.E.2d 881.

Here, the prosecutor stated that the declarants were still available. All three were employees of the Gary Police Department and easily could have been recalled. Moreover, Larry had cross-examined the witnesses about their recollection of the crime, which was the content of their statements. He made no attempt to call any of the witnesses for further cross-examination regarding the admitted exhibits. The court properly admitted the statements.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.