**Michael K. HICKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 71S00–8711–CR–1066.**

Supreme Court of Indiana.

April 7, 1989.

Rehearing Denied June 16, 1989.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Rape, a Class B felony, for which he received a sentence of twelve (12) years.

The facts are: On March 13, 1986, L.B. went to the Y–Knot Shack, a bar in South Bend, where she met her friend J.M. After they ordered drinks, appellant struck up a conversation with them. L.B. had known appellant for approximately three years and had dated him at one time.

The women left the bar for several minutes to go outside and smoke marijuana. When they returned to the bar, appellant was gone.

Near closing time, J.M. left and L.B. sat at the bar. Appellant approached L.B. and asked her if she needed a ride and whether she would like to smoke a joint, and she said, "Yes."

They got into a van belonging to appellant's friend. L.B. testified that when she got into the van and saw three other men inside she thought, "Oh what have I done. I'm in trouble." Appellant slapped her, and she knew they were going to rape her. She attempted to talk appellant out of it but he pushed her down.

Appellant's friend, Timothy Tharbs, put his hand on L.B.'s shoulder and pulled on her clothes. L.B. tried to talk appellant out of raping her while they removed her clothes. When her clothes were off, Tharbs pushed her back and raped her, then appellant raped her. The other two men remained in the front of the van and drove it around.

L.B. began to reassemble her clothes, and appellant asked her why she was putting her clothes on because they were not through yet. Then both appellant and Tharbs raped her again and took her money and food stamps.

The van stopped and the men bought snacks, ate, laughed, and drove around. As they drove, they discussed stripping L.B. and leaving her out in the country. Instead they stopped the van and told her to get out.

As they drove away, she got most of their license plate number. She flagged down a police car, and she told the officer about the rapes. She was then taken to the hospital.

Appellant argues his conviction is not supported by sufficient evidence. He believes that because L.B. incorrectly described the door on the van, she consumed alcohol and drugs, and her testimony was inconsistent with a police officer's in that their estimation of the timing of certain events differed by a few minutes, the testimony was inherently unreliable.

∎ The jury was apprised of the intoxicants consumed by the victim. They also heard testimony from appellant that he had never known the victim nor had he ever been inside the Y–Knot Shack. We will not invade the province of the jury by reweighing the evidence or judging the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The uncorroborated testimony of the victim is sufficient to sustain a rape conviction. *Ash v. State* (1987), Ind., 511 N.E.2d 448. The testimony of the victim, police officer, and nurse who aided the victim was sufficient to sustain appellant's conviction.

Appellant argues the trial court erred by consolidating his trial with that of his codefendant Timothy Tharbs. He contends he was prejudiced by the consolidation because he had to share peremptory challenges and mount a joint defense with Tharbs, and the jury was subjected to confusion when matters relating to only one of the defendants were presented.

■ Absent any statutory provision for consolidated trials of separately-charged defendants, it is within the trial court's discretion to determine whether defendants' trials should be joined. To show an abuse of discretion, appellant must show that in light of what occurred at trial, the denial of a separate trial subjected him to actual prejudice. *Hatchett v. State* (1987), Ind., 503 N.E.2d 398.

■ The sharing of peremptory challenges does not constitute reversible error absent a showing of actual prejudice. *Id.* Appellant did not include a transcript of *voir dire* in the record, nor does he state how he was harmed by the presence of any particular juror on the panel.

■ Appellant's allegation of confusion at trial does not present reversible error. The victim identified both of her attackers and testified as to each defendant's role in the crimes. The trial court does not abuse its discretion in refusing to order separate trials on the basis that damaging evidence will be introduced in a joint trial. We find no abuse of trial court discretion in consolidating the trials. *Walker v. State* (1983), Ind., 444 N.E.2d 842.

Appellant argues the court erred in allowing hearsay evidence. A police officer and a nurse who assisted the victim testified as to what the victim had told them about the incident. Appellant believes his objections were improperly overruled because the victim testified before the hearsay was admitted; thus she was not subjected to cross-examination as set forth in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482.

The record shows that when the victim testified she stated that she flagged down the police and told an officer about the rapes, and at the hospital, she told a nurse the same story. She was then cross-examined. After her testimony, the court conducted a side-bar conference to determine whether a problem would be caused if the victim remained in the courtroom. The State replied that it had no problem with her presence in the courtroom, and counsel for Tharbs responded that it might be safer in case she was recalled. Then the witnesses who provided the hearsay evidence were allowed to testify.

■ Hearsay evidence is admissible if the declarant also testifies and is available for in-court testimony. It is not necessary that the declarant be on the stand when the evidence is admitted. *Larry v. State* (1988), Ind., 517 N.E.2d 377.

■ In appellant's case, the victim testified as to the content of the statements made to the officer and nurse. She remained available for cross-examination. Additionally, the hearsay evidence presented by the officer and nurse was the very same account of the incident which the victim provided. The admission of hearsay evidence is not ground for reversal where it is merely cumulative of evidence previously admitted. *King v. State* (1987), Ind., 508 N.E.2d 1259. We find no reversible error occurred in the admission of the hearsay evidence.

Appellant argues Instruction No. 5 given to the jury was improper. Instruction No. 5 informed the jury that in Indiana a defendant may be convicted on the uncorroborated testimony of the victim. Appellant believes the instruction invaded the province of the jury in that it gave tacit approval of the victim's testimony.

■ Instructions must be considered as a whole. So long as the jury was instructed on the elements of the offense charged, the State's burden of proof throughout the case, the presumption of the defendant's innocence, the credibility of the witnesses, and the manner in which the jury was to deliberate to reach a verdict, the instruction about which appellant complains is proper. *Taylor v. State* (1982), Ind., 438 N.E.2d 294. Because the jury was so informed in appellant's case, we find no error.

■ Appellant argues the trial court erred in instructing the jury that a rape victim is not required by law to resist her attacker by all violent means within her power; the law requires only that she did not consent. The resistance necessary to prevent a sexual attack is a question of

fact dependent upon the surrounding circumstances. Appellant asserts the instruction was prejudicial to him because he denied having any contact with the victim and consent was not a defense.

In *Harris v. State* (1985), Ind., 480 N.E.2d 932, appellant made the same argument about a similar instruction and it was held that in view of the circumstances of the case, the trial judge apparently determined the jury should be advised of the definitions of consent and resistance because some question about the victim's duty to resist the attack may have legitimately arisen in the minds of the jurors.

We find the same to be true of appellant's case. Because the victim knew appellant and voluntarily climbed into the van with him, the question of her consent or duty to resist could have arisen in the minds of the jurors. We find the instruction was correct and properly given.

■ Appellant also contends Instruction No. 7 was erroneous. Instruction No. 7 stated:

"In clothing those charged with the presumption of innocence, the law does not contemplate that thereby the guilty should be shielded from merited punishment. Its object is to protect the innocent, so far as human agencies can, from the effects of unjust verdicts. The effect of this presumption is to withhold punishment from one charged with crime until all the facts necessary to constitute the offense charged have been proven to that degree of certainty fixed by law as being beyond a reasonable doubt.

If a defendant is innocent, he should not be convicted erroneously, but if a defendant is guilty, he should not be acquitted erroneously."

We observe that the instruction would be improved if the last sentence read: "If the State has failed to prove the defendant guilty beyond a reasonable doubt, he should not be convicted, but if the defendant has been proven guilty beyond a reasonable doubt, he should not be acquitted erroneously."

Appellant asserts Instruction No. 7 was prejudicial because it induced the jury to treat the presumption of innocence with great caution and implied that a defendant would be erroneously acquitted because of the presumption of innocence.

The jury also was instructed that under the law they must presume that the defendants are innocent and must continue to do so throughout the trial unless the State proves every essential element of the crimes beyond a reasonable doubt. They were told that the defendants are not required to present any evidence to prove their innocence or to provide any explanation, and if at the end of the trial they have a reasonable doubt concerning either defendant's guilt, they must find him not guilty.

Considering the instructions as a whole, they impress upon the jury the importance of maintaining the belief in the defendant's innocence until the State has met its burden of proof. The instruction about which appellant complains has been approved by this Court. *Heald v. State* (1986), Ind., 492 N.E.2d 671 (Shepard and Dickson, JJ., dissenting); *Green v. State* (1984), Ind., 461 N.E.2d 108; *Warriner v. State* (1982), Ind., 435 N.E.2d 562.

Appellant contends the trial court erroneously refused his Tendered Instruction No. 1. The jury was fully instructed as to the content of his tendered instruction, with the exception of the following statement:

"In determining the law you may consider the Constitution of this State, the common law, the decisions of courts of last resort, the instructions of the court and the arguments of counsel."

Instead, the jury was instructed:

"Since these are criminal cases, you are the judges of both the law and facts. You have the right to determine the law for yourself. You may not, however, make, repeal, disregard or ignore the law as it exists...."

Appellant asserts that the instruction given was inadequate because it failed to articulate the sources of law appropriate for the jury's consideration. He cites *Pritchard v. State* (1967), 248 Ind. 566, 230 N.E.2d 416 and *Bryant v. State* (1933), 205

Ind. 372, 186 N.E. 322 to support his proposition that the jury must be instructed upon the sources of law he listed in his tendered instruction. However, those cases merely state that the jury may consider those sources of law, but neither case holds that an instruction on the sources of law is mandatory or proper.

 The choice of instructions lies largely within the trial court's discretion. We will reverse only where there is shown to be an abuse of discretion. When we review a trial court's refusal to give an instruction, we consider: 1) whether the tendered instruction was a correct statement of the law; 2) whether there is evidence to support giving the instruction; and 3) whether the substance of the tendered instruction was covered by other instructions given by the court. *Gross v. State* (1987), Ind., 506 N.E.2d 17.

In appellant's case, the jury was properly instructed that the instructions themselves are the best source as to the law applicable to this case. Appellant's tendered instruction directing the jury to the Constitution, decisions of courts of last resort, and counsels' arguments could have created confusion in the minds of the jurors. They were properly instructed that counsels' arguments are not evidence, but are characterizations of the evidence devised to persuade the jury toward a certain verdict. We find the trial court's instructions more accurately stated the law and avoided creating confusion for the jury. Therefore, his instruction was properly refused. *Id.; Smith v. State* (1987), Ind., 506 N.E.2d 31.

Appellant argues the trial court improperly refused the following instruction:

"Subsidiary facts need not be proved beyond a reasonable doubt to justify a conviction; it is the facts essentially necessary to constitute a crime which must be proven; but a reasonable doubt as to such essential facts may arise from a consideration of evidence adduced in support of subsidiary facts."

Appellant states the jury was uninformed that the existence of a reasonable doubt may arise from consideration of evidence relating to subsidiary facts.

The jury was instructed on the definition of a reasonable doubt and was told to impartially consider all of the evidence and circumstances in the case and refuse to vote for conviction unless they are convinced beyond a reasonable doubt of appellant's guilt. They also were instructed that they are the sole judges of the credibility of the witnesses and they are to consider the reasonableness of the witness's testimony when viewed with all of the other evidence in the case. They were further instructed that a reasonable doubt may exist or arise not only from the evidence but also from a lack of evidence relating to an essential element of the crime, and that upon a conflict in the testimony of the witnesses, they must decide which witness to believe.

Considering all the instructions as a whole, we believe the substance of appellant's tendered instruction was sufficiently covered by instructions actually given at trial. We find no error. *Gross, supra.*

The trial court is affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., dissents without separate opinion.