Robert Allen JASKE, Appellant
(Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 48A02–8701–CR–00021.

Court of Appeals of Indiana,
Second District.

April 25, 1990.

Blanchard H. Shearer, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ON REHEARING

BUCHANAN, Judge.

In our original opinion appearing as *Jaske v. State* (1989), Ind.App., 539 N.E.2d 492 (Buchanan, J. dissenting),[1] we reversed Jaske's conviction for conspiracy to commit escape on the grounds that the trial court failed to appoint a special prosecutor because the Madison County Prosecutor had represented Jaske in post-conviction relief proceedings relating to a prior murder conviction for which Jaske was incarcerated at the time of escape.

We now grant the State's petition for rehearing, vacate our original opinion, and affirm Jaske's conviction for conspiracy to commit escape in all respects.

I.

The facts most favorable to the judgment reveal that Jaske was serving a life sentence for murder at the Pendleton, Indiana Reformatory in February, 1985. While imprisoned, Jaske devised an escape

1. Judge Neal retired one month before the Petition For Rehearing was filed, and his successor, Judge Baker, thereafter participated in this appeal.

plan involving the aid of "mercenaries" through an advertisement he placed in "Soldier of Fortune Magazine."

After the plan was discovered by the police, Jaske was convicted with eight others, of conspiracy to commit escape, a class C felony.

Prior to trial, Jaske petitioned the court for appointment of a special prosecutor. In relevant part, the petition provided:

"1. That the Defendant herein is presently charged in the above entitled cause with the offense of conspiracy to commit escape, a Class C felony;

2. That the said charges were filed by the Madison County Prosecutor's office by the Madison County Prosecutor, William F. Lawler, Jr.;

3. That Chief Deputy Prosecutor, Thomas J. Broderick, Jr., is the Deputy Prosecuting Attorney assigned to prosecute this case;

.    .    .    .    .

5. That, prior to being elected as Prosecuting Attorney for the present term, William F. Lawler, Jr., represented the Defendant in a Petition for Post Conviction Relief with regard to his conviction for first degree murder arising out of the Superior Court of St. Joseph County, State of Indiana. That upon his election and taking office in January, 1983, the said William F. Lawler, Jr., did resign as Defendant's attorney and turned the case over to other counsel for continued representation on the Petition for Post Conviction Relief;

6. That, the said William F. Lawler, Jr., did, during the course of his representation of Defendant obtain knowledge of facts which are closely interwoven with the facts upon which the present prosecution is based;

7. That, pursuant to I.C. 33–14–1–6, the Defendant requests the appointment of a Special Prosecutor for the reason that this Prosecutor and, therefore, all persons on his staff and/or associated with him in the private practice of law have a conflict of interest due to the elected Prosecutor's representation of this Defendant at some time in the past.

That, in addition, the appointment of a Special Prosecutor is necessary to avoid the appearance of impropriety."

*Record* at 88–89.

■ The majority in our previous decision concluded that Lawler and his staff should have been disqualified because proof of Jaske's lawful detention for murder was an element of the State's conspiracy case, thus satisfying the substantial relationship test announced in *State ex rel. Meyers v. Tippecanoe Cty. Ct.* (1982), Ind., 432 N.E.2d 1377. However, as our supreme court concluded in *Meyers, supra,* the disqualification of a prosecutor is favored only when a *serious* doubt arises as to whether the prosecuting attorney's knowledge of a former client's prior case will prejudice the defendant. The record in this case reflects that Prosecutor Lawler represented Jaske in a post-conviction relief setting only, and was not involved in matters relating to Jaske's guilt or innocence of the prior murder. Moreover, Lawler did not complete his representation of Jaske in the post-conviction proceeding because he resigned as counsel following his election to the prosecutor's office. While it is incumbent upon the State to prove that a defendant was lawfully confined when prosecuting for escape, *see Grimes v. State* (1983), Ind., 454 N.E.2d 388; *Hamp v. State* (1973), 157 Ind.App. 567, 301 N.E.2d 412, this is *all* that is required. The record before us simply does not demonstrate that the facts Lawler might have acquired during his representation of Jaske in the post-conviction proceedings were closely interwoven with the prosecution of the subsequent escape charge. In truth, Jaske never enlightens us with any specificity as to the "facts which are closely interwoven with the facts upon which the present prosecution is based."

■ All the State's burden consists of is to demonstrate that the defendant was lawfully incarcerated. There is no requirement like the one requiring that a prior conviction must be proved if a defendant is to be sentenced as an habitual offender. *See Meyers, supra.* The relationship be-

tween Lawler's representation of Jaske as temporary defense counsel during the post-conviction relief action and Lawler's prosecution of Jaske for escape is minimal at best. The disqualification of a prosecutor is to prevent him from using, to his former client's detriment, information that was obtained from the client in confidence. *Sears v. State* (1983), Ind., 457 N.E.2d 192; *Havens v. State* (1981), Ind., 429 N.E.2d 618. The petitioner must demonstrate that he has been prejudiced by the prosecutor's previous representation. *See Sears, supra; Meyers, supra.* Jaske has made no such showing.

Under these circumstances we conclude that the prosecution of Jaske on the escape charge was not so substantially related to Lawler's former representation of Jaske in the post-conviction relief proceeding as to require disqualification.

The trial court did not err in denying Jaske's request for appointment of a special prosecutor.

## II.

Because we grant rehearing on the above issue, we now address the remaining issues Jaske raises on direct appeal:

A. Whether the trial court erred in denying Jaske's motion for a separate trial?

B. Whether the trial court improperly refused to dismiss the charging information?

C. Whether the trial court improperly limited Jaske's cross-examination of State's witness Tom Davidson?

D. Whether it was error to deny Jaske's motion for change of judge on the grounds of bias and prejudice?

E. Whether evidence of a co-conspirator's participation was improperly admitted at trial?

## A.

The trial court did not err in denying Jaske's request for a separate trial. Ind. Code 35-34-1-11 (1988) authorizes the grounds for severance of trials which provides in relevant part:

"(b) Whenever two (2) or more defendants have been joined for trial in the same indictment or information and one (1) or more defendants move for a separate trial because another defendant has made an out-of-court statement which makes reference to the moving defendant but is not admissible as evidence against him, the court shall require the prosecutor to elect:

(1) a joint trial at which the statement is not admitted into evidence;

(2) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or

(3) a separate trial for the moving defendant.

In all other cases, upon motion of the defendant or the prosecutor, the court shall order a separate trial of defendants whenever the court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant."

The decision to grant or deny a motion for separate trials rests with the discretion of the trial court. *Huffman v. State* (1989), Ind., 543 N.E.2d 360; *Hicks v. State* (1989), Ind., 536 N.E.2d 496. To determine whether the trial court abused its discretion, we consider the events which actually occurred at trial and not the allegations contained in the motion for severance. *Huffman, supra, Parr v. State* (1987), Ind., 504 N.E.2d 1014.

Jaske correctly claims that a confession or admission of the existence of conspiracy by a co-conspirator *after* apprehension or arrest is inadmissible because it is not in furtherance of the conspiracy as to other fellow conspirators. *Patton v. State* (1961), 241 Ind. 645, 175 N.E.2d 11; *Montgomery v. State* (1982), Ind.App., 439 N.E.2d 646, *trans. denied.* He contends that it was error to admit the testimony of Judy Turpen (Turpen), a newspaper reporter. Turpen interviewed co-defendant Paul Buffington (Buffington) subsequent to the

arrest. At trial, Turpen testified that Buffington told her the following:

"Q. Did he (Buffington) advise you as to whether or not he knew why he was coming to Anderson?

A. Yes.

Q. And, what did he tell you?

A. He said he knew there was an escape. He didn't know any details of what was to happen until he got there.

Q. And, did he indicate to you when he was going to find out the actual details?

A. When he arrived.

. . . . .

Q. Did you ask what, if anything, he was to be paid for this?

A. Yes.

Q. And, what did he tell you?

A. $10,000.00."

*Record* at 4910–11. Contrary to Jaske's contention, this testimony did not implicate him in the crime. Moreover, the trial judge admonished the State and Turpen that there was to be no mention of any other co-defendant during Turpen's testimony. Because the admissions Buffington made to Turpen did not incriminate Jaske, no prejudice resulted and the trial judge did not err in denying the motion for severance. *See Smith v. State* (1987), Ind., 516 N.E.2d 1055; *Resnover v. State* (1987), Ind., 507 N.E.2d 1382.

### B.

The trial court properly denied Jaske's motion to dismiss the charging information. Jaske was charged with conspiracy to commit escape as a class C felony in accordance with Ind.Code 35–41–5–2 (1988) which provides that:

"(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony. However, a conspiracy to commit murder is a Class A felony.

(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement."

The offense of escape is defined in Ind. Code 35–44–3–5 (1982) (amended 1986) as follows:

"A person who intentionally flees from lawful detention or intentionally fails to return to lawful detention following temporary leave granted for a specified purpose or limited period commits escape, a class D felony. *However, the offense is a class C felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person.*" (Emphasis supplied.)

▇▇▇ An agreement to commit a conspiracy, as well as the requisite guilty knowledge and intent, may be inferred from circumstantial evidence, including overt acts in furtherance of the criminal act. *Whittle v. State* (1989), Ind., 542 N.E.2d 981; *Haynes v. State* (1985), Ind., 479 N.E.2d 572. To establish a conspiracy, the State is not required to show that the underlying felony was actually committed or even attempted. *See Whittle, supra; Taylor v. State* (1981), Ind., 425 N.E.2d 141. It need only demonstrate that the defendant agreed to commit the offense. *Taylor, supra.*

▇▇▇ At trial, it was revealed that the use of bombs and weapons was discussed when the escape was planned. *Record* at 2568–2662; 3423–24; 3432–37; 3452–58; 4423–36. When the participants were arrested at an Anderson, Indiana, motel, the police discovered guns and other weapons intended to be used during the escape. *Record* at 3846–51; 2891–2906; 2922–27; 3003–09; 4010–57.

Contrary to Jaske's contention, the jury could reasonably infer that weapons would be used in perfecting the escape. The trial court therefore properly denied Jaske's motion to dismiss the information charging him with conspiracy to commit escape as a class C felony. *See Whittle, supra.*

Jaske also maintains that the trial court erred in giving the following instruction:

"The crime of conspiracy is defined by statue (*sic*) as follows:

A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony. The State must allege and prove that either the Defendant or the person with whom he agreed performed an overt act in furtherance of the agreement.

To convict a defendant charged with Conspiracy to Commit Escape as a Class C Felony, the State must have proved each of the following elements:

The defendant, as charged in the information,

(1) agreed with another person or persons to commit the crime of Escape.

(2) with the intent to commit the crime of escape.

(3) that the defendant or the other person or persons performed some overt act in furtherance of the agreement.

(4) *that a deadly weapon or deadly weapons were to be used in aiding the escape from legal detention, by one or more of the parties to the agreement.*

*If the State failed to prove any of these elements beyond a reasonable doubt, you should find the defendant not guilty of a Class C Felony, Escape.*

*If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of the crime of conspiracy, a Class C Felony.*"

*Record* at 200 (emphasis supplied).

■ The decison concerning jury instructions lies within the trial court's discretion and we will not reverse unless the instructions misstate the law or otherwise mislead the jury. *Canaan v. State* (1989), Ind., 541 N.E.2d 894; *Jewell v. State* (1989), Ind., 539 N.E.2d 959; *Hicks v. State* (1989), Ind., 536 N.E.2d 496. Although Jaske argues it was error to give this instruction because the State did not prove that deadly weapons were to be used in committing the escape, the record reflects otherwise as discussed above. The instruction was a correct statement of the law as it applied to these facts.

## C.

The trial court did not err in limiting Jaske's cross-examination of State's witness Tom Davidson (Davidson). At trial, Indiana State police officer Davidson, who investigated the conspiracy, testified that he received an envelope and letter from the Cuyahoga Falls, Ohio, police department. *Record* at 4338. No additional questions were asked relating to these exhibits and they were not introduced into evidence. However, on cross-examination, the trial court sustained the State's objection to questions concerning Davidson's actual participation in the investigation. *Record* at 4345–48.

■ The scope and extent of cross-examination is within the discretion of the trial court and it is reviewable only for an abuse of that discretion. *Huffman, supra; Sweet v. State* (1986), Ind., 498 N.E.2d 924; *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311. The questions propounded to Davidson on cross-examination were clearly outside the scope of direct examination. Accordingly, the trial court properly restricted the cross-examination of Davidson to the matters testified to on direct examination.

## D.

■ The trial court did not err in denying Jaske's motion for change of venue or change of judge. While Jaske argues that judicial bias and prejudice were established because of the pretrial publicity by the news media, and the conspiracy involved invading the courthouse and taking hostages, the ruling on a motion for a change of judge rests with the judge's discretion and his decision is reversible only for a clear abuse of that discretion. *Smith v. State* (1985), Ind., 477 N.E.2d 857; *Gary v. State* (1984), Ind., 471 N.E.2d 695; Ind. Rules of Procedure, Criminal Rule 12. The law presumes that a judge is unbiased and unprejudiced. In order to overcome this

presumption, the moving party must establish that a trial judge has personal prejudice for or against a party. *Lasley v. State* (1987), Ind., 510 N.E.2d 1340; *Smith, supra.* Judges are credited with the ability to remain objective notwithstanding their having been exposed to information which might tend to prejudice lay persons. *White v. State* (1982), Ind., 431 N.E.2d 488; *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105.

Jaske's motion merely speculates that the trial judge *might* have been biased or prejudiced in such a way as to impede Jaske's right to a fair trial. *Record* at 54. The trial court properly denied the motion for change of venue and change of judge.

### E.

■ The trial court did not err in permitting evidence of co-conspirator Jody Jerome's (Jerome) participation in the crime. Prior to trial, Jerome pled guilty to a lesser offense. The State filed a motion in limine to prevent any information regarding Jerome's conviction and/or sentencing from being heard by the jury. *Record* at 124–26. The motion was granted and at trial, the State introduced photographs of the conspirators, weapons, and other items seized from Jerome at the time of his arrest. The trial court overruled Jaske's objection to the admission of these items when he argued that this evidence was prejudicial.

The State's motion in limine did *not* prohibit it from establishing Jerome's participation in the conspiracy. It merely sought to exclude evidence of the terms of the plea agreement. It is well-settled that evidence of happenings near in time and place which complete the story of the crime are admissible under the *res gestae* exception to the hearsay rule. *Minnick v. State* (1989), Ind., 544 N.E.2d 471; *Taylor v. State* (1986), Ind., 496 N.E.2d 561. The admission of such evidence lies within the trial court's discretion. *Blankenship, supra.* The evidence implicating Jerome and the other co-conspirators happened contemporaneously with the acts for which Jaske was charged, thereby completing the story

of the crime. *See Minnick, supra; Blankenship, supra; Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333. So, the trial court did not err in admitting evidence of Jerome's participation in the conspiracy.

In light of the foregoing, the State's petition for rehearing is granted with instructions that Jaske's conviction for conspiracy to commit escape be reinstated.

BAKER, J., concurs.

SHIELDS, P.J., dissents with opinion.

SHIELDS, Presiding Judge, dissenting.

I dissent from the Opinion on Rehearing for the reason stated in the original opinion appearing as *Jaske v. State* (1989), Ind. App., 539 N.E.2d 492 (Buchanan, J. dissenting).