[Cite as *State v. Dammons*, 2011-Ohio-2908.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 94878 and 94879**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMOND DAMMONS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-531013 and CR-523498

**BEFORE:**   Sweeney, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   June 16, 2011


**ATTORNEY FOR APPELLANT**

Margaret Amer Robey, Esq.
Robey & Robey
14402 Granger Road
Maple Heights, Ohio 44137

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Maxwell M. Martin, Esq.
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


JAMES J. SWEENEY, J.:

{¶ 1}   Defendant-appellant Demond Dammons appeals his sentence and the denial of his motion to suppress.   For the reasons that follow, we affirm in part, vacate in part and remand for resentencing.

{¶ 2}   In CR-523498, defendant was charged with drug trafficking, drug possession, and possession of criminal tools, which allegedly took place on or about April 11, 2009.   All counts included forfeiture specifications.   The criminal tools were identified as being money and/or cell phone and the

indictment alleged that defendant possessed or had under his control "with purpose to use it criminally in the commission of a felony."

{¶ 3} On September 15, 2009, the trial court held a hearing on defendant's motion to suppress evidence. The trial court denied that motion the same day. Subsequently, defendant entered a plea of no contest to all counts of the indictment, which involved two fourth degree felonies and one felony of the fifth degree. He also pled no contest to the forfeiture specifications relating to $287 in U.S. currency and a cell phone.

{¶ 4} In addition to facts elicited at the suppression hearing, the state set forth the factual basis of the allegations as follows: police received an anonymous tip regarding a male who had a stash of drugs in a Honda bearing a specific license plate number. Police received a second anonymous tip in person that provided the same information. Police later observed defendant leaning on the subject Honda. Upon observing the officers, defendant opened his door, tossed an item inside, then shut and locked the door. Det. McCandless was able to observe a bag of crack cocaine on the front passenger seat of the car, which later tested positive as 3.82 grams of crack. Defendant was arrested and charged with trafficking "in that it was allegedly prepared for shipment or sale and as well as drug possession and possession of criminal tools, because he had $287 and a cell phone on him."

{¶ 5} The trial court found defendant guilty and referred the matter for

a pre-sentence investigation report. On October 14, 2009, the trial court held a sentencing hearing where defendant personally accepted "full responsibility of [his] charges" and said he said he was guilty. Defendant asked the trial court to impose probation. The defense acknowledged that defendant has sold drugs and emphasized defendant's acceptance of responsibility. The trial court imposed fines, costs, and 18 month prison terms on the felonies of the fourth degree along with a 12 month prison term for the fifth degree felony; all terms to be served consecutively. However, the court suspended the sentence and imposed a two year term of community control sanctions, among other non-prison penalties. The trial court advised defendant that if he violated community control sanctions, it would order the suspended consecutive prison sentence into effect.

{¶ 6} In November 2009, defendant was indicted in case number CR-531013 and charged with drug trafficking, drug possession, possession of criminal tools and domestic violence. Each count carried forfeiture specifications relating to $3,000.00 in U.S. currency and a cell phone allegedly used in the commission of the offenses. On February 24, 2010, defendant pled guilty to an amended drug trafficking charge that deleted a schoolyard specification and rendered it a third degree felony. Defendant further agreed to the forfeiture of property and acknowledged that the guilty plea would constitute a violation of his community control sanctions in CR-523498. In

exchange, the remaining charges were dismissed. The trial court imposed a three year prison term, suspended defendant's driver's license and ordered forfeiture of the cell phone and currency. The court found defendant in violation of his community control sanctions in CR-523498 and terminated it. Defendant's suspended sentence was ordered into execution. The court ordered defendant to serve the sentence in each case consecutively, which resulted in a total prison term of seven years.

{¶ 7} Defendant maintains that the facts of case number CR-531013 are not pertinent to this appeal.

{¶ 8} Defendant commenced an appeal in each case on March 24, 2010 and the matters were consolidated for appeal. Defendant presents four assignments of error for our review:

{¶ 9} The First Assignment of Error: "The trial court erred and violated appellant's Fifth Amendment right to be free from double jeopardy when it ordered consecutive service for allied offenses."

{¶ 10} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the current analysis for assessing whether multiple offenses are allied and of similar import such that they should be merged for purposes of sentencing:

{¶ 11} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit

one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. [*State v.*]*Blankenship* [ (1988) ], 38 Ohio St.3d [116] at 119 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses can be committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic] ). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 12} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' [*State v.*] *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶50 (Lanzinger, J., dissenting)." Id. at ¶48-49.

{¶ 13} Defendant argues that all of his convictions in CR-523498 constitute allied offenses of similar import, which include convictions for drug trafficking in violation of R.C. 2925.03(A)(2), drug possession in violation of R.C. 2925.11(A), and possession of criminal tools in violation of R.C. 2923.24(A). The state generally responds that defendant waived this issue and, alternatively maintains that possessing criminal tools is not an allied

offense to the possession and trafficking offenses and, therefore, it believes the trial court did not abuse its discretion in sentencing defendant on all counts.

{¶ 14} The Ohio Supreme Court has held that a trial court commits plain error when it imposes multiple sentences for allied offenses of similar import. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶31. Therefore, we find that despite defendant's failure to object in the court below, this issue survives under a plain error analysis.

{¶ 15} In this case, defendant was convicted of both drug trafficking (R.C. 2925.03(A)(2)) and drug possession (R.C. 2925.11(A)); which the Ohio Supreme Court has previously declared to be allied offense of similar import. *State v. Cabrales*, 118 Ohio St.3d 206, 2008-Ohio-1625, 553 N.E.2d 181, paragraph two of the syllabus. To the extent *Johnson* overruled the analysis the Court employed in *Cabrales*, we still find defendant's convictions of these offenses constitute allied offenses of similar import under the new test enunciated in *Johnson*. Both convictions arose out of the same transaction, involved the same amount of contraband, and were committed by a single state of mind. However, we cannot reach the same conclusion with respect to defendant's conviction for possessing criminal tools.

{¶ 16} The elements of defendant's drug trafficking conviction provide:

{¶ 17} "(A) No person shall knowingly do any of the following:

{¶ 18} "* * *

{¶ 19} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶ 20} The elements of drug possession are:

{¶ 21} "(A) No person shall knowingly obtain, possess, or use a controlled substance."

{¶ 22} And, the elements of possessing criminal tools provide:

{¶ 23} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 24} Here, defendant was charged with possessing money and a cell phone "with purpose to use it criminally in the commission of a felony." Accordingly, it was not possible for defendant's possession of these items alone to result in a conviction for either drug trafficking or drug possession. Similarly, his possession of drugs did not establish a possession of criminal tools charge; despite his convictions for drug trafficking and drug possession. E.g., *State v. Byers*, Cuyahoga App. No. 94922, 2011-Ohio-342, ¶9 ("The ubiquitousness of cell phones is such that the mere possession of a cell phone is not ipso facto proof that it was used in drug trafficking.") Defendant pled no contest to each charge. "A plea of no contest constitutes an admission of

the facts alleged in an indictment, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge, but does not admit that those facts lead to a legal conclusion of guilt." *State v. Perry* (1998), 83 Ohio St.3d 41, 697 N.E.2d 624. Defendant admitted that he was trafficking in drugs, in possession of drugs, and that he possessed the money and cell phone with a purpose to use them criminally.

{¶ 25} This assignment of error is sustained in part and overruled in part. Defendant's convictions for drug trafficking and drug possession are allied offenses and the trial court erred by failing to merge them at sentencing. On remand, the state will elect which of these offenses to pursue against defendant at sentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. Defendant's conviction for possessing criminal tools is not an allied offense of similar import and the trial court did not err by imposing a separate sentence on this count. Our disposition of this assignment of error requires resentencing and therefore renders the second assignment of error moot.[1]

{¶ 26} The Third Assignment of Error: "The Appellant was denied his

---

[1]The Second Assignment of Error provides: "The trial court erred and abused its discretion by imposing a disproportionately harsh sentence that was grossly inconsistent with sentences imposed on similar offenders for similar crimes, and that was also unreasonable in that it was not supported by the record."

right under the Sixth and Fourteenth Amendments to the effective assistance of counsel when the defense attorneys failed to protect his rights at either sentencing hearing."

{¶ 27} "To substantiate a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Brooks* (1986), 25 Ohio St.3d 144, 495 N.E.2d 407. In *State v. Bradley*, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if the defendant fails to prove the second prong of prejudicial effect. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 143, 538 N.E.2d 373.

{¶ 28} Defendant contends his trial attorneys were ineffective for failing to object to the imposition of consecutive sentences at his original sentence and then later when the sentence was imposed upon his probation violation. Because defendant will be resentenced pursuant to the first assignment of error, this assignment of error is moot.

{¶ 29} Fourth Assignment of Error: "The trial court both denied Appellant a full and fair suppression hearing and erred and abused its

discretion in denying Appellant's Motion to Suppress."

{¶ 30} Defendant did not timely appeal the denial of his suppression motion following the final judgment in CR-523498. For that reason, this assignment of error is not properly before us. However, even if it was timely raised, we would find the trial court did not err.

{¶ 31} "Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. An appellate court is to accept the trial court's factual findings unless they are clearly erroneous. We are therefore required to accept the factual determinations of a trial court if they are supported by competent and credible evidence. The application of the law to those facts, however, is subject to de novo review." *State v. Polk*, Cuyahoga App. No. 84361, 2005-Ohio-774, at ¶ 2 (internal citations omitted).

{¶ 32} The trial court conducted an evidentiary hearing on defendant's motion to suppress and the record does not support defendant's contention that he did not receive a full and fair hearing. Also, the record does not support his contention that the trial court's findings were an abuse of discretion.

{¶ 33} Warrantless searches are presumptively unconstitutional, subject to a limited number of specific exceptions. The plain view doctrine is an exception to the warrant requirement. Further, the state maintains that defendant was not stopped nor did they conduct an investigatory stop but

rather pursued a "consensual encounter" when they observed defendant leaning against the car and appear to throw something inside of it. See *State v. Petty*, Cuyahoga App. No. 93234, 2010-Ohio-4107, ¶36 ("Consensual encounters are those that involve no coercion or restraint on liberty.") Id., citing, *State v. Morris* (1988), 48 Ohio App.3d 137, 138, 548 N.E.2d 969.

{¶ 34} In this case, Officer Martin testified that they received a telephone tip that a male was keeping a stash of drugs in a Honda parked in the lot of a bar. The caller wished to remain anonymous. The caller provided a license plate number for the vehicle. Another officer was stopped by a female who reported the same information. The officers went to the parking lot and noticed the subject vehicle, which was unoccupied. The officers left and returned later to find defendant leaning against the trunk of the Honda. When defendant saw the officers, he opened the driver door and threw something inside. He then locked the vehicle.

{¶ 35} The officers parked and Det. McCandless walked to the passenger side of the vehicle. Officer Martin has participated in over a thousand drug arrests. Det. McCandless notified Officer Martin that he had observed something in the car. Defendant was arrested and the officers recovered the drugs that had been observed in plain view on the passenger seat. The drugs, which were suspected crack cocaine, were logged into evidence by Det. McCandless. Officer Martin testified that they "had been receiving multiple

calls in connection with that parking lot, in connection with drug sales." In his experience that particular lot is known for people drinking in their cars, "there are drug users who approach the parking lot, buy their drugs and leave, people coming in and out of the bar." Due to defendant's actions, Officer Martin "believed very strongly" that defendant tossed something into the Honda. When defendant was searched incident to his arrest, police found $278.00.

{¶ 36} Det. McCandless confirmed receipt of a phone call reporting a male stashing drugs inside a Honda in the parking lot of Johnny and Company Bar and Grill. At that time, Sgt. Purcell received information from a female reporting the same information. They saw the Honda in the lot and later saw defendant on the hood of the vehicle. He was the only person they saw outside. The officers matched the Honda license plate numbers to the plate reported by the citizen complainants. Det. McCandless approached the car, looked inside and saw a plastic bag on the passenger seat containing some white objects that he immediately recognized as cocaine. Det. McCandless had a flashlight with him, which was his habit. The drugs were in plain view on the seat. Det. McCandless testified that the drugs were visible to anyone passing by. Before that time, the officers had not detained defendant and he had been free to leave. However, upon observing the contraband in plain view inside defendant's car, he was arrested. After defendant was arrested,

the cocaine was recovered from inside the car.

{¶ 37} Defendant testified at the suppression hearing. He arrived at the bar around 10:30 p.m. While inside having drinks, he observed officers conducting their liquor inspection. He recognized them as law enforcement officers because he saw their identification. After the officers left, defendant went outside to have a cigarette and was leaning against his car. According to him, four or five other people were outside when the officers entered the bar's parking lot. The officers took his keys, unlocked his car door, and went inside. Defendant claimed this was done without any communication among them. The other people just watched as the officers went through defendant's vehicle and trunk. Still nothing was said to the defendant. Drugs were found in the car. According to defendant, the tint on the Honda's windows are such that "you can't see through them at all." Defendant maintained that the detectives were lying. Defendant conceded that on at least one photograph he took of the Honda you can see inside the vehicle from outside. The pictures were taken on the same night of the incident and without the aid of a flashlight. Defendant denied throwing anything in the car that night. He did not know where the officers found the drugs in the car. Defendant admits that he did lock the car. Defendant then said he was getting out of his car when police arrived in the parking lot. Contradicting his earlier testimony, defendant later said that the officers told him to "get up against the

car" before they took the keys.

{¶ 38} Defendant also presented the testimony of Tomiko Grant. She saw defendant come outside and smoke a cigarette outside of the car on the night in question. Grant was sitting in her car and could not hear anything. Defendant grabbed the cigarette from inside his vehicle. Grant observed defendant's friend and another female also present. Grant saw two vice cars pull up in the parking lot and approach defendant. The officers searched defendant and his car. The lighting in the parking lot was good enough for her to be able to see the incident pretty clearly from a distance of three to four car lengths. However, she wasn't paying close enough attention to be able to describe the officers. Defendant is Grant's friend.

{¶ 39} The trial court found that a citizen informant provided information to police concerning a Honda involved in drug activity. It is irrelevant to the suppression analysis that the two complainants reported that the male was "stashing" drugs in the Honda rather than selling them. Either is unlawful criminal activity. The court found that the police were given a specific license plate, that they identified the car, and saw defendant open the door and throw something inside. Based on the totality of the circumstances, the police approached the vehicle and saw a bag of crack cocaine in plain view. Based on the record evidence, we cannot say that the trial court abused its discretion in its findings or by denying defendant's motion to suppress. This

assignment of error is overruled.

Convictions affirmed, sentence vacated in CR-523498 and the matter is remanded for resentencing.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR