[Cite as *State v. Goodson*, 2011-Ohio-5820.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94954**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ROBERT GOODSON

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527436

**BEFORE:** Kilbane, A.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
John P. Colan
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} This appeal is before this court on remand from the Ohio Supreme Court Ohio Supreme Court for application of *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061.

{¶ 2} In his direct appeal, this court affirmed Robert Goodson's convictions for possession of less than one gram of crack cocaine, in violation of R.C. 2925.11(A); trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(1) (sell or offer to sell); and trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(2) (prepare for distribution). See *State v. Goodson*, 192 Ohio App.3d 246, 2011-Ohio-722, 948 N.E.2d 988 ("*Goodson I*"). Applying *State v. Cabrales,* 118 Ohio

St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, this court determined that defendant's convictions for trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import but rejected the contention that all of the offenses were allied and must be merged into a single conviction.  Following application of the decision in *Johnson*, however, we conclude that the three offenses are allied and must be merged into a single conviction.

{¶ 3}  On August 20, 2009, Goodson and codefendant, Dale Whitsett, were indicted for possession of less than one gram of crack cocaine, in violation of R.C. 2925.11(A); trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(1) (sell or offer to sell); trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(2) (prepare for distribution); and possession of criminal tools, in violation of R.C. 2923.24, all with forfeiture specifications for the recovery of $147.

{¶ 4}  The State's evidence indicated that on August 9, 2005, Cleveland Police arranged a drug sale "buy-bust" with a confidential informant in the area of East 131st Street and Crennell Avenue.   We noted:

> **"The informant was searched and determined to be free of contraband.
>  He was given $20 in marked currency and taken to the area at around 12:15 a.m.  Detectives Hall and Rasberry watched from the corner and waited for the informant to signal that a drug buy had been completed.  Lieutenant Holmes, Detective Woyma, and Detective McKay   waited a few blocks away in 'takedown vehicles.'**
>
> **According to Detective Rasberry, the informant spoke with a man,**

**later identified as Whitsett, who was standing at the corner of East 131st Street and Crennell Avenue. They had 'a short, brief conversation, in which a hand-to-hand exchange was made between our [informant] and * * * Whitsett.' Whitsett then walked approximately four houses eastward on Crennell Avenue to a location where the officers had made prior drug arrests and spoke with the defendant who was standing outside. Whitsett 'made a hand-to-hand exchange with [defendant], came back and made another exchange with our [informant], in which our [informant] then gave the completed sale signal.'**

**\* \* \***

**After the informant signaled that he had made a drug buy, Lieutenant Holmes, Detective Woyma, and Detective McKay drove to the scene and arrested the defendant and Whitsett. The marked currency was subsequently recovered from Whitsett. Two rocks of crack cocaine, weighing .08 grams and .06 grams respectively, were also recovered — one from Whitsett and one from the informant. Currency in the amount of $147 was recovered from the defendant." *Goodson I.***

{¶ 5} Defendant was convicted of drug possession and both charges of drug trafficking, but acquitted of the charge of possession of criminal tools. He was sentenced to a total of 12 months of imprisonment.

**{¶ 6}** On appeal, this court affirmed defendant's convictions for all three offenses. See *Goodson I*. This court determined, however, that pursuant to *Cabrales,* defendant's convictions for "[t]rafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense necessarily results in commission of the second," but the convictions for trafficking in a controlled substance under R.C. 2925.03(A)(1) and trafficking in a controlled substance under R.C. 2925.03(A)(2) are not allied offenses of similar import. This court therefore vacated the sentence and remanded the case to the trial court for resentencing only as to the charges of trafficking in violation of R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A). *Goodson I.*

**{¶ 7}** Defendant subsequently appealed to the Ohio Supreme Court, which granted a discretionary appeal and remanded the matter for application of *Johnson*. See *State v. Goodson*, Slip Opinion No. 2011-Ohio-4729.

**{¶ 8}** Defendant's third assignment of error states:

**"The trial court erred in merging appellant's sentences for possessing, transporting, and selling a single quantity of crack cocaine in violation of the provisions within R.C. 2941.25, the protections of the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, and Section 10, Article I of the Ohio Constitution."**

**{¶ 9}** Herein, defendant asserts that his convictions for possession of crack cocaine in violation of R.C. 2925.11(A) in Count 1 are allied offenses of similar import in relation to both the conviction for trafficking in less than one gram of cocaine, in

violation of R.C. 2925.03(A)(1) (sell or offer to sell) in Count 2 and trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(2) (prepare for distribution) in Count 3.

{¶ 10} In *Johnson*, the Ohio Supreme Court established a new two-part test to determine whether offenses are allied offenses of similar import under R.C. 2941.25. Id. at ¶46-52. Under this new test, the first inquiry focuses on "whether it is possible to commit one offense and commit the other with the same conduct." Id. at ¶48. In making such a determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is whether it is possible for both offenses to be committed with the same conduct. Id.; *State v. Roy*, Butler App. No. CA2009-11-290, 2011-Ohio-1992. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import. *Johnson*.

{¶ 11} Next, if the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 12} As we noted in *Goodson I*, defendant was charged with possession of less than one gram of crack cocaine, in violation of R.C. 2925.11(A); trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(1) (sell or offer to sell); and trafficking in less than one gram of cocaine, in violation of R.C. 2925.03(A)(2) (prepare

for distribution).  These charges correspond to such a degree that they can be committed by the same conduct.  See *Roy* (drug trafficking in violation of R.C. 2925.03(A)(1), and drug possession in violation of R.C. 2925.11(A)); *State v. Dammons*, Cuyahoga App. Nos. 94878 and 94879, 2011-Ohio-2908 (drug trafficking in violation of R.C. 2925.03(A)(2) and drug possession (R.C. 2925.11(A)).

{¶ 13} As to whether they were committed with the same conduct,   we note that the charges in this matter arose in connection with defendant's August 9, 2005 arrest following the buy-bust.  All three charges and convictions arose from the same transaction, involved the same amount of contraband, and were committed by a single state of mind.  Therefore, we conclude that the three offenses are allied offenses that must be merged into a single conviction.  *Johnson* at ¶56; *Roy*.  We find the third assignment of error to be well taken, and *Goodson I* is modified accordingly.

{¶ 14} The judgment of the trial court is reversed as to sentencing only, and this matter is remanded for further proceedings according to law and consistent with this opinion.  Upon remand, the State will elect which of the allied offenses it wishes to pursue at sentencing for which the defendant should be punished.  See *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KENNETH A. ROCCO, J., CONCUR