[Cite as *State v. Parker*, 2013-Ohio-3135.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99047**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE D. PARKER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560645

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Melissa Riley
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Maurice Parker ("Parker") appeals the trial court's judgment convicting him of two counts of drug trafficking, and one count of drug possession. We find some merit to the appeal and affirm in part. We reverse in part for the limited purpose of resentencing allied offenses.

{¶2} Parker was charged with one count of drug possession in violation of R.C. 2925.11(A), one count of trafficking in violation of R.C. 2925.03(A)(1) (sell or offer to sell) and one count of trafficking in violation of R.C. 2925.03(A)(2) (prepare for shipment). He was charged after allegedly selling drugs to a confidential reliable informant ("CRI") during a controlled buy-bust.

{¶3} Plaintiff-appellee, state of Ohio ("the state") called several witnesses at trial. Detective Michael Duller ("Det. Duller"), who participated in the buy-bust, testified that he parked his unmarked car approximately 70 feet from the car occupied by Detective Maria Matos ("Det. Matos") and the CRI in the parking lot at Steelyard Commons. Det. Duller observed Parker arriving on the scene in a gray car. Parker and his codefendant Malcolm Burgess ("Burgess"), parked next to Det. Matos's vehicle. Parker exited the gray car and got into Det. Matos's vehicle where the CRI gave him previously recorded "buy" money in exchange for heroin. When the exchange was complete, Parker returned to the gray car and drove off. Det. Duller, who heard the conversation between Parker, the CRI, and Det. Matos through a body wire transmitter, alerted the takedown officers

that the transaction was complete. Within one minute of the transaction, several police officers moved in and arrested Parker.

{¶4} Det. Robert Klomfas ("Det. Klomfas"), who was part of the takedown team who arrested Parker, testified that he removed Parker from the front passenger seat and found one cell phone and $15 in Parker's left hoodie pocket. Another detective found two cell phones in Parker's pants. The buy money and the cell phone used to arrange the sale were located on the center console between Parker and the driver, Burgess. Det. Klomfas, Det. Duller, and Det. Matos each testified that Parker was wearing a blue hoodie at the time of both the transaction and his arrest. A forensic drug chemist with the Cuyahoga County Regional Forensic Science Laboratory later determined that the brown rock the CRI purchased from Parker contained 0.46 grams of heroin.

{¶5} Parker asserted that this was a case of misidentification. Burgess, who testified for the defense, stated that he sold the drugs to the CRI, not Parker. Burgess explained that he was taking Parker to Home Depot when he stopped to sell the heroin. Burgess claimed the police erroneously identified Parker as the drug dealer. However, he admitted that Parker was wearing a blue hoodie at the time of his arrest.

{¶6} At the conclusion of the state's case, the trial court found that the state failed to present sufficient evidence to sustain a conviction for possession of criminal tools, and the court dismissed that count of the indictment. At the end of trial, the jury found Parker guilty of one count of drug trafficking in violation of R.C. 2925.03(A)(1), one count of

drug trafficking in violation of R.C. 2925.03(A)(2), and one count of drug possession in violation of R.C. 2925.11(A). Parker now appeals and raises three assignments of error.

**Evidence of Cell Phones**

{¶7} In the first assignment of error, Parker argues the trial court erred in allowing Det. Klomfas to testify that the seizure of three cell phones on Parker's person is indicative of drug dealing. He contends this evidence was unfairly prejudicial and inadmissible pursuant to Evid.R. 404.

{¶8} We find the error, if any, was invited error since the defense opened the door and brought in the testimony now being challenged. Under the invited error doctrine, a party is not entitled to take advantage of an error that he himself invited or induced. *State v. Campbell*, 90 Ohio St.3d 320, 324, 2000-Ohio-183, 738 N.E.2d 1178.

{¶9} In this case, when the state asked Det. Klomfas what is the significance of someone having three cell phones, defense counsel objected, and the court sustained the objection. However, on cross-examination, defense counsel asked Det. Klomfas about the three cell phones police found in Parker's possession. Among several questions on the subject, defense counsel asked: "Do you have any knowledge whether those cell phones were used for any kind of drug transaction?" In response to this question, the prosecutor asked on redirect: "[W]hy would you seize three cell phones off of one person?" Defense counsel again objected, but the court overruled the objection, stating: "It follows your question." Answering the prosecutor's question, Det. Klomfas testified: "It is indicative of criminal activities, such as drug sales, from my experience."

**{¶10}** Parker argues his trial lawyer did not invite the error because the questions were intended to show that the cell phones were not used in any drug transaction and therefore that they were not criminal tools. However, defense counsel's questions about the cell phones were unnecessary because it is the state's burden to prove beyond a reasonable doubt that the cell phones were, in fact, criminal tools. And the court sustained defense counsel's objection to questions regarding the use of cell phones in drug activity during the state's case-in-chief. Therefore, Parker invited the error of which he now complains.

**{¶11}** Accordingly, we overrule the first assignment of error.

### Ineffective Assistance of Counsel

**{¶12}** In the second assignment of error, Parker argues he was denied his constitutional right to the effective assistance of counsel. He contends his trial counsel was ineffective for failing to move for disclosure of the CRI.

**{¶13}** To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696;

*Bradley* at paragraph three of the syllabus. In making this determination, the reviewing court must presume that counsel's conduct was competent. *Id.*

**{¶14}** If Parker's trial counsel had filed a motion to disclose the identity of the confidential informant, it would have been denied. The determination of whether to disclose the identity of a confidential informant involves the balancing of competing interests. *State v. Williams*, 4 Ohio St.3d 74, 75, 446 N.E.2d 779 (1983), citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971). A trial court must balance a defendant's constitutional right to confront accusers against him with the public's interest in protecting the flow of information to the government. *Id*. The defendant is entitled to disclosure of the identity of a confidential informant only when "the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *Williams* at syllabus. The defendant bears the burden of establishing the need for disclosure. *State v. Wallace*, 8th Dist. No. 85541, 2005-Ohio-4397, ¶ 27.

**{¶15}** Parker argues the identity of the CRI would have helped his defense because he could have called the CRI to testify that Parker was not the person who sold him the heroin. However, several detectives who participated in the buy-bust testified that the person who entered Det. Matos's car to complete the sale was wearing a blue hoodie. At the time of his arrest within a minute of the sale, Parker was wearing a blue hoodie and Burgess was wearing a gray hoodie. Moreover, from the driver's seat of her vehicle, Det. Matos observed Parker hand the CRI heroin in exchange for money. Therefore, the

state did not require testimony of the CRI to prove that Parker was the seller of the heroin. And it is doubtful that the CRI would have offered different identification testimony. Therefore, because Parker could not meet his burden of establishing the need for disclosure of the CRI's identity, his trial counsel was not ineffective for failing to move for disclosure.

{¶16} Accordingly, the second assignment of error is overruled.

### Merger of Allied Offenses

{¶17} In the third assignment of error, Parker argues that all three of his convictions should have merged for sentencing. As previously stated, Parker was convicted of two counts of drug trafficking and one count of drug possession. At the time of sentencing, the state agreed to merge one count of trafficking (R.C. 2925.03(A)(2), prepare for shipment) with drug possession, and the State elected to sentence on the trafficking count. The state now concedes that the second count of trafficking (in violation of R.C. 2925.03(A)(1), offer to sell) should have also merged for sentencing in accordance with this court's holding in *State v. Goodson*, 8th Dist. No. 94954, 2011-Ohio-5820, ¶ 13, because all three convictions resulted from the same transaction, involved the same amount of contraband and were committed with a single state of mind.

{¶18} Therefore, the third assignment of error is sustained.

{¶19} Judgment is affirmed in part and reversed in part. Parker's convictions are affirmed. However, we remand the case to the trial court for the limited purpose of

merging all three drug-related offenses for sentencing and to allow the state to elect which offense it will pursue for purposes of sentencing and conviction.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR